## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff,* ) | Case No. 1:05CV02041 |
| ) | Judge: Emmet G. Sullivan |
| v. ) | Deck Type: Antitrust |
| ) | Filed: 10/27/2005 |
| CAL DIVE INTERNATIONAL, INC., ) | |
| STOLT OFFSHORE S.A., ) | |
| STOLT OFFSHORE, INC., and ) | |
| S&H DIVING, LLC, ) | |
| ) | |
| *Defendants.* ) | |

### JOINT MOTION FOR ENTRY OF HOLD SEPARATE STIPULATION AND ORDER

The United States, Cal Dive International ("Cal Dive") and Stolt Offshore, Inc., Stolt

Offshore S.A. and S&H Diving (collectively "Stolt") jointly move the Court for entry of the Hold

Separate Stipulation and Order ("Order") filed on October 18, 2005 (docketed as Attachment # 2

to the Complaint and attached hereto) in this civil antitrust case. The parties urge the Court to

promptly enter the Order on the following grounds:

1.     On October 18, 2005, the United States filed a Complaint that challenged Cal Dive's

proposed acquisition of certain Stolt assets. The parties also filed a Proposed Final Judgment

that would settle the case by requiring Cal Dive to divest certain assets in the market of

competitive concern. On October 27, 2005, the United States filed an Amended Proposed Final

Judgment.[1]

---

[1]Cal Dive and Stolt hereby consent that any reference in the Hold Separate Stipulation and Order
to the "Final Judgment" means the Amended Proposed Final Judgment filed on October 27,
2005.

2.    The Amended Proposed Final Judgment cannot be entered until completion of the public notice and comment period called for by the Antitrust Procedures and Penalties Act, 15 U.S.C. §§ 16(b)-(h), as explained in Plaintiff United States' Explanation of Consent Decree Procedures (filed October 18, 2005, as Attachment #1 to the Complaint).

3.    The Hold Separate Stipulation and Order, which the parties now move the Court to enter, would, among other things, require that the assets to be divested be kept separate, competitive and economically viable during the pendency of the notice and comment period and ensure compliance with the provisions of the Amended Proposed Final Judgment pending its entry by the Court.

4.    After the Court has signed the Hold Separate Stipulation and Order, Cal Dive and Stolt may consummate the transaction sought to be enjoined by the Complaint, subject to the terms of the Amended Proposed Final Judgment.

5.    The Hold Separate Stipulation and Order is essential to ensure prompt, effective relief because it will facilitate and expedite the divestitures.

Dated: October 27, 2005

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA:

_____
Jennifer L. Cihon (OH Bar #0068404 )
Angela L. Hughes (D.C. Bar #303420)
John M. Snyder (D.C. Bar #456921)
Bethany K. Hipp (GA Bar #141678)
Trial Attorneys
U.S. Department of Justice, Antitrust Division
325 7th Street, NW, Suite 500
Washington, D.C. 20530
Tel: (202) 307-3278
Fax: (202) 307-2784

FOR DEFENDANT
CAL DIVE INTERNATIONAL, INC.:

_____
Daniel L. Wellington  (D.C. Bar #273839)
Neely B. Agin (D.C. Bar #456005)
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-4574
Fax: (202) 662-4643

FOR DEFENDANTS
STOLT OFFSHORE, S.A., STOLT
OFFSHORE, INC AND S&H DIVING,
LLC:

_____
Paul C. Cuomo   (D.C. Bar #457793)
Sean F. Boland (D.C. Bar #249318)
Howrey LLP
1299 Pennsylvania Avenue
Washington, D.C. 20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. |
| | ) | Judge |
| v. | ) | Deck Type:  Antitrust |
| | ) | Filed: |
| CAL DIVE INTERNATIONAL, INC. | ) | |
| STOLT OFFSHORE S.A., | ) | |
| STOLT OFFSHORE, INC., and | ) | |
| S&H DIVING, LLC, | ) | |
| | ) | |
| *Defendants.* | ) | |

## HOLD SEPARATE STIPULATION AND ORDER

It is hereby stipulated by and between the undersigned parties, subject to approval and entry by the Court, that:

## I.

## DEFINITIONS

As used in this Hold Separate and Stipulation Order:

A.    "Acquirer" or "Acquirers" means the entity or entities to whom defendant Cal Dive divests the Saturation Diving Assets.

B.    "Cal Dive" means Cal Dive International, Inc., a Minnesota corporation with its headquarters in Houston, Texas, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, joint ventures, and their directors, officers, managers, agents, and employees.

C.      "Saturation Diving Assets" means the vessel designated as the Seaway Defender, the vessel designated as the Midnight Carrier, and the saturation diving system designated as the Torch Saturation Diving System.

D.      "Stolt" means Stolt Offshore S.A., a Luxembourg registered company, its United States subsidiary, Stolt Offshore, Inc., a corporation organized and existing under the laws of the state of Louisiana, with headquarters in Houston, Texas, and S&H Diving LLC, a Louisiana limited liability company with offices in Houston, Texas.

E.      "Torch Saturation Diving System" means the portable saturation diving system that Cal Dive purchased from Torch Offshore, Inc., that has six major components: a four-man single lock saturation chamber, a transfer lock (TUP), a two-man diving bell, a main umbilical, a control van, and a supply van.

## II.

## OBJECTIVES

The Final Judgment filed in this case is meant to ensure defendant Cal Dive's prompt divestiture of the Saturation Diving Assets in order to remedy the effects that the United States alleges would otherwise result from Cal Dive's acquisition of defendant Stolt's saturation diving vessels and systems.  This Hold Separate Stipulation and Order ensures that, prior to such divestiture, the Saturation Diving Assets will remain independent of the rest of Cal Dive's assets and will be maintained in the same physical condition as of the date Cal Dive acquires them, ordinary wear and tear excepted, and that competition is maintained during the pendency of the ordered divestiture.

2

## III.

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action and, for purposes of this action only, over each of the parties hereto, and venue of this action is proper in the United States District Court for the District of Columbia.

## IV.

## COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.    The parties stipulate that a Final Judgment in the form attached hereto as Exhibit A, may be filed with and entered by this Court, upon the motion of any party or upon this Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on defendants and by filing that notice with this Court.

B.    The defendants shall abide by and comply with the provisions of the proposed Final Judgment pending the entry of the Final Judgment by this Court, or until expiration of the time for all appeals of any Court ruling declining entry of the proposed Final Judgment. From the date of the signing of this Hold Separate Stipulation and Order by the parties, defendants shall comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an order of this Court.

C.    The defendants shall not consummate the transaction sought to be enjoined by the Complaint herein before the Court has signed this Hold Separate Stipulation and Order.

3

D.    This Stipulation shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to this Court.

E.    In the event that (1) the United States has withdrawn its consent, as provided in Section IV(A) above, or (2) the proposed Final Judgment is not entered pursuant to this Stipulation, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

F.    The defendants represent that the divestiture ordered in the proposed Final Judgment can and will be made, and that defendants will later raise no claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

## V.

## HOLD SEPARATE PROVISIONS

Until the divestiture required by the Final Judgment has been accomplished:

A.    Defendant Cal Dive shall take all steps necessary to assure that the Saturation Diving Assets are maintained as separate, distinct, and saleable assets, apart from other assets of Cal Dive. Cal Dive shall preserve the Saturation Diving Assets in a state of repair equal to their state of repair as of the date Cal Dive acquires them, ordinary wear and tear excepted. The defendants shall preserve the documents, books, and records relating to the Saturation Diving Assets until the date of divestiture. Defendant Cal Dive shall not sell, lease, assign, transfer, or otherwise dispose of, or pledge as collateral for loans, the Saturation Diving Assets.

4

B.    The defendants shall take no action that would jeopardize, delay, or impede the sale of the Saturation Diving Assets.

C.    Within twenty (20) calendar days after the entry of the Hold Separate Stipulation and Order, each defendant will inform the United States of the steps such defendant has taken to comply with the Hold Separate Stipulation and Order.

D.    The defendants shall take no action that would interfere with the ability of any trustee appointed pursuant to the Final Judgment to complete the divestiture required by the Final Judgment to an Acquirer or Acquirers acceptable to the United States.

E.    This Hold Separate Stipulation and Order shall remain in effect until consummation of the divestiture required by the proposed Final Judgment or until further order of the Court.


Dated: _October 18, 2005_


Respectfully submitted,

FOR PLAINTIFF                                          FOR DEFENDANT
UNITED STATES OF AMERICA:                              CAL DIVE INTERNATIONAL, INC.:


_Jennifer L. Cihon (OH Bar #0068404 )_                _Daniel L. Wellington  (D.C. Bar #273839)_
Angela L. Hughes (D.C. Bar #303420)                   Neely B. Agin (D.C. Bar #456005)
 John M. Snyder (D.C. Bar #456921)                    Fulbright & Jaworski LLP
Bethany K. Hipp (GA Bar #141678)                      801 Pennsylvania Avenue, N.W.
Trial Attorneys                                       Washington, D.C. 20004-2623
U.S. Department of Justice                            Tel: (202) 662-4574
Antitrust Division                                    Fax: (202) 662-4643
Transportation, Energy & Agriculture Section
325 7th Street, NW, Suite 500
Washington, D.C. 20530
Tel: (202) 307-3278
Fax: (202) 307-2784

FOR DEFENDANTS
STOLT OFFSHORE S.A., STOLT
OFFSHORE, INC., and S&H DIVING LLC:

Paul C. Cuomo (D.C. Bar #457793)
Sean F. Boland (D.C. Bar #249318)
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, D.C.  20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610

## ORDER

It is SO ORDERED, this ___ day of _____, 2005.


_____
United States District Court Judge

6

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CAL DIVE INTERNATIONAL, INC., | ) |
| STOLT OFFSHORE S.A., | ) |
| STOLT OFFSHORE, INC., and | ) |
| S&H DIVING, LLC, | ) |
|  | ) |
| Defendants. | ) |

Case No. 1:05CV02041
Judge: Emmet G. Sullivan
Deck Type: Antitrust
Filed: October 27, 2005

## AMENDED PROPOSED FINAL JUDGMENT

WHEREAS, plaintiff, United States of America, filed its Complaint on October 18, 2005, plaintiff and defendants, by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, the defendants have stipulated solely for purposes of this action that the Court has personal jurisdiction over the defendants;

AND WHEREAS, the defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the prompt and certain divestiture of a saturation diving system and diving support vessels by defendant Cal Dive to assure that competition is not substantially lessened;

AND WHEREAS, the United States requires defendant Cal Dive to make certain divestitures for the purpose of remedying the loss of competition alleged in the Complaint;

AND WHEREAS, the defendants have represented to the United States that the divestiture required below can and will be made and that the defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED AND DECREED:

## I.

### JURISDICTION

This Court has jurisdiction over the subject matter of and each of the parties to this action.  The Complaint states a claim upon which relief may be granted against the defendants under Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18.

## II.

### DEFINITIONS

As used in this Final Judgment:

A.      "Acquirer" or "Acquirers" means the entity or entities to whom defendant Cal Dive divests the Saturation Diving Assets.

B.      "Cal Dive" means Cal Dive International, Inc., a corporation organized and existing under the laws of the state of Minnesota with its headquarters in Houston, Texas, its successors and

2

assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, joint ventures, and their directors, officers, managers, agents, and employees.

C.      "Person" means any natural person, corporation, association, firm, partnership, or other business or legal entity.

D.      "Saturation Diving Assets" means the vessel designated as the Seaway Defender, the vessel designated as the Midnight Carrier, and the saturation diving system designated as the Torch Saturation Diving System.

E.      "Stolt" means Stolt Offshore S.A., a Luxembourg registered company, its United States subsidiary, Stolt Offshore, Inc., a corporation organized and existing under the laws of the state of Louisiana, with headquarters in Houston, Texas, and S&H Diving LLC, a Louisiana limited liability company with offices in Houston, Texas.

F.      "Torch Saturation Diving System" means the portable saturation diving system that Cal Dive purchased from Torch Offshore, Inc. that has six major components: a four-man single lock saturation chamber, a transfer lock (TUP), a two-man diving bell, a main umbilical, a control van, and a supply van.

### III.

### APPLICABILITY

This Final Judgment applies to the defendants, Cal Dive and Stolt, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

### IV.

### DIVESTITURE

3

A.    Defendant Cal Dive is hereby ordered and directed (1) to divest the Torch Saturation Diving System and the vessel designated as the Midnight Carrier within sixty (60) calendar days after the date of filing of the Complaint in this matter, or within five (5) days after notice of the entry of this Final Judgment by the Court, whichever is later; and (2) to divest the vessel designated as the Seaway Defender within ninety (90) calendar days after the date of the filing of the Complaint in this matter, or within five (5) days after notice of the entry of this Final Judgment by the Court, whichever is later. The divestitures must be made in a manner consistent with this Final Judgment to an Acquirer or Acquirers acceptable to the United States in its sole discretion. The United States, in its sole discretion, may agree to extend each time period up to thirty (30) calendar days, and shall notify the Court in such circumstances. Defendant Cal Dive agrees to use its best efforts to divest the Saturation Diving Assets as expeditiously as possible.

B.    In accomplishing the divestiture ordered by this Final Judgment, defendant Cal Dive promptly shall make known, by usual and customary means, the availability of the Saturation Diving Assets. Defendant Cal Dive shall inform any person making inquiry regarding a possible purchase of the Saturation Diving Assets that they are being divested pursuant to this Final Judgment and provide that person with a copy of this Final Judgment. The defendants shall offer to furnish to each prospective Acquirer, subject to customary confidentiality assurances, all information and documents relating to the Saturation Diving Assets customarily provided in a due diligence process except such information or documents subject to the attorney-client or work-product privileges. The defendants shall make available such information and documents to the United States at the same time that such information and documents are made available to any other person.

4

C.     The defendants shall provide to each Acquirer of some or all of the Saturation Diving Assets, and to the United States, the name and current contact information (if known) for each individual who is currently, or who, to the best of the defendants' knowledge, has been involved at any time since June 1, 2004, whether onshore or offshore, in the operation of the specific Saturation Diving Assets to be acquired by the Acquirer or in the provision of diving services by or with any of the specific Saturation Diving Assets to be acquired by the Acquirer, including divers, diving tenders, and diving supervisors or superintendents.  The defendants shall not impede or interfere with any negotiations by the Acquirer or Acquirers to employ any person who has worked with, or whose principal responsibilities have concerned, any of the Saturation Diving Assets.

D.     Consistent with customary due diligence processes and subject to customary confidentiality assurances, the defendants shall permit each prospective Acquirer of some or all Saturation Diving Assets to have reasonable access to personnel and to make inspections of the Saturation Diving Assets; access to any and all environmental and other permit documents and information; and access to any and all financial, operational, or other documents and information.

E.     Defendant Cal Dive also agrees to divest the Saturation Diving Assets in a condition and state of repair equal to their condition and state of repair as of the date Cal Dive acquires them, ordinary wear and tear excepted.

F.     The defendants will not undertake, directly or indirectly, any challenges to any permits or certifications relating to the operation of the Saturation Diving Assets, or otherwise take any action to impede the divestiture or operation of the Saturation Diving Assets.

5

G.      The divestiture of the Saturation Diving Assets shall be accomplished in such a way as to satisfy the United States, in its sole discretion, that the Saturation Diving Assets will be operational or made operational by the Acquirer or Acquirers, will be used by the Acquirer or Acquirers as part of a viable, ongoing business engaged in the provision of saturation diving services in the United States Gulf of Mexico, and will remedy the competitive harm alleged in the Complaint. The divestiture, whether pursuant to Section IV or Section V of this Final Judgment:

1.      shall be made to an Acquirer or Acquirers that, in the United States's sole judgment, has the intent and capability (including the necessary operational, technical, and financial capability) to compete effectively in the saturation diving business in the United States Gulf of Mexico; and

2.      shall be accomplished so as to satisfy the United States, in its sole discretion, that none of the terms of any agreement between the Acquirer or Acquirers and defendant Cal Dive gives the defendants the ability unreasonably to raise the Acquirer's or Acquirers' costs, to lower the Acquirer's or Acquirers' efficiency, or otherwise to interfere in the ability of the Acquirer or Acquirers to compete effectively.

## V.

### APPOINTMENT OF TRUSTEE

A.      If defendant Cal Dive has not divested the Saturation Diving Assets within the time period specified in Section IV(A), defendant Cal Dive shall notify the United States of that fact in writing.  Upon application of the United States, in its sole discretion, the Court shall appoint a trustee selected by the United States and approved by the Court to effect the divestiture of the Saturation Diving Assets.

6

B.      After the appointment of a trustee becomes effective, only the trustee shall have the right

to sell the Saturation Diving Assets. The trustee shall have the power and authority to accomplish

the divestiture to an Acquirer or Acquirers acceptable to the United States, in its sole discretion,

at such price and on such terms as are then obtainable upon reasonable effort by the trustee,

subject to the provisions of Sections IV, V, and VI of this Final Judgment, and shall have such

other powers as this Court deems appropriate. Subject to Section V(D) of this Final Judgment,

the trustee may hire at the cost and expense of defendant Cal Dive any investment bankers,

attorneys, or other agents, who shall be solely accountable to the trustee, reasonably necessary in

the trustee's judgment to assist in the divestiture.

C.      The defendants shall not object to a sale of the Saturation Diving Assets by the trustee on

any ground other than the trustee's malfeasance. Any such objections by the defendants must be

conveyed in writing to the United States and the trustee within ten (10) calendar days after the

trustee has provided the notice required under Section VI.

D.      The trustee shall serve at the cost and expense of defendant Cal Dive, on such terms and

conditions as the United States approves, and shall account for all monies derived from the sale of

the Saturation Diving Assets and for all costs and expenses so incurred. After approval by the

Court of the trustee's accounting, including fees for its services and those of any professionals

and agents retained by the trustee, all remaining money shall be paid to defendant Cal Dive and

the trust shall then be terminated. The compensation of the trustee and any professionals and

agents retained by the trustee shall be reasonable in light of the value of the Saturation Diving

Assets and based on a fee arrangement providing the trustee with an incentive based on the price

7

and terms of the divestiture and the speed with which it is accomplished, but timeliness is paramount.

E.      The defendants shall use their best efforts to assist the trustee in accomplishing the required divestiture. The trustee and any consultants, accountants, attorneys, and other persons retained by the trustee shall have full and complete access to the Saturation Diving Assets and the personnel, books, and records of the Saturation Diving Assets, and defendant Cal Dive shall develop financial and other information relevant to the Saturation Diving Assets as the trustee may reasonably request, subject to reasonable protection for trade secret or other confidential research, development, or commercial information. The defendants shall take no action to interfere with or to impede the trustee's accomplishment of the divestiture.

F.      After its appointment, the trustee shall file monthly reports with the United States and the Court setting forth the trustee's efforts to accomplish the divestiture ordered under this Final Judgment. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, the Saturation Diving Assets and shall describe in detail each contact with any such person. The trustee shall maintain full records of all efforts made to divest the Saturation Diving Assets.

G.      If the trustee has not accomplished such divestiture within six (6) months after its appointment, the trustee shall promptly file with the Court a report setting forth (1) the trustee's efforts to accomplish the required divestiture; (2) the reasons, in the trustee's judgment, why the

8

required divestiture has not been accomplished; and (3) the trustee's recommendations. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. The trustee shall at the same time furnish such report to the United States who shall have the right to make additional recommendations consistent with the purpose of the trust. The Court thereafter shall enter such orders as it shall deem appropriate to carry out the purpose of the Final Judgment, which may, if necessary, include, without limitation, extending the trust and the term of the trustee's appointment by a period requested by the United States.

## VI.

## NOTICE OF PROPOSED DIVESTITURE

A.    Within two (2) business days following execution of a definitive divestiture agreement, defendant Cal Dive or the trustee, whichever is then responsible for effecting the divestiture required herein, shall notify the United States of any proposed divestiture required by Section IV or V of this Final Judgment. If the trustee is responsible, it shall similarly notify defendant Cal Dive. The notice shall set forth the details of the proposed divestiture and list the name, address, and telephone number of each person not previously identified who offered or expressed an interest in or desire to acquire the Saturation Diving Assets, together with full details of the same.

B.    Within fifteen (15) calendar days of receipt by the United States of such notice, the United States may request from the defendants, the proposed Acquirer or Acquirers, any other third party, or the trustee if applicable, additional information concerning the proposed divestiture, the proposed Acquirer or Acquirers and any other potential Acquirer or Acquirers. The defendants

9

and the trustee shall furnish any additional information requested within fifteen (15) calendar days of the receipt of the request, unless the parties shall otherwise agree.

C.    Within thirty (30) calendar days after receipt of the notice or within twenty (20) calendar days after the United States has been provided the additional information requested from the defendants, the proposed Acquirer or Acquirers, any third party, and the trustee, whichever is later, the United States shall provide written notice to defendant Cal Dive and the trustee, if there is one, stating whether or not it objects to the proposed divestiture. If the United States provides written notice that it does not object, the divestiture may be consummated, subject only to defendants' limited right to object to the sale under Section V(C) of this Final Judgment. Absent written notice that the United States does not object to the proposed Acquirer or Acquirers or upon objection by the United States, a divestiture proposed under Section IV or Section V shall not be consummated. Upon objection by the defendants under Section V(C), a divestiture proposed under Section V shall not be consummated unless approved by the Court.

## VII.

## FINANCING

The defendants shall not finance all or any part of any purchase made pursuant to Section IV or V of this Final Judgment.

## VIII.

## HOLD SEPARATE

Until the divestiture required by this Final Judgment has been accomplished, the defendants shall take all steps necessary to comply with the Hold Separate Stipulation and Order

10

entered by this Court.  The defendants shall take no action that would jeopardize, delay, or

impede the divestiture order by this Court.

## IX.

## AFFIDAVITS

A.     Within twenty (20) calendar days of the filing of the Complaint in this matter, and every

thirty (30) calendar days thereafter until the divestiture has been completed under Section IV or

V, the defendants shall deliver to the United States an affidavit that describes the fact and manner

of their compliance with Section IV or V of this Final Judgment.  Each such affidavit shall

include the name, address, and telephone number of each person who, during the preceding thirty

(30) calendar days, made an offer to acquire, expressed an interest in acquiring, entered into

negotiations to acquire, or was contacted or made an inquiry about acquiring any or all of the

Saturation Diving Assets, and shall describe in detail each contact with any such person during

that period.  Each such affidavit shall also include a description of the efforts defendant Cal Dive

has taken to solicit buyers for the Saturation Diving Assets, and to provide required information

to any prospective Acquirer or Acquirers, including the limitations, if any, on such information.

Assuming the information set forth in the affidavit is true and complete, any objection by the

United States to information provided by the defendants, including limitations on the information,

shall be made within fourteen (14) calendar days of receipt of such affidavit.

B.     Within twenty (20) calendar days of the filing of the Complaint in this matter, the

defendants shall deliver to the United States an affidavit that describes in reasonable detail all

actions the defendants have taken and all steps the defendants have implemented on an ongoing

basis to comply with Section VIII of this Final Judgment.  The defendants shall deliver to the

11

United States an affidavit describing any changes to the efforts and actions outlined in the defendants' earlier affidavits filed pursuant to this section within fifteen (15) calendar days after the change is implemented.

C.      Defendant Cal Dive shall keep all records of all efforts made to preserve and to divest the Saturation Diving Assets until one year after such divestiture has been completed.

## X.

## COMPLIANCE INSPECTIONS

A.      For purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time duly authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to the defendants, be permitted:

1.      access during the defendants' office hours to inspect and copy, or at the United States' option, to require the defendants to provide copies of, all books, ledgers, accounts, records and documents in the possession, custody, or control of the defendants, relating to any matters contained in this Final Judgment; and

2.      to interview, either informally or on the record, the defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by the defendants.

12

B.      Upon the written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, the defendants shall submit written reports, or responses to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C.      No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D.      If at the time information or documents are furnished by the defendants to the United States, the defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and the defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the United States shall give the defendants ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## XI.

## NOTIFICATION

Unless such transaction is otherwise subject to the reporting and waiting period requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, 15 U.S.C. § 18a, for three years after entry of this Final Judgment, defendant Cal Dive, without

13

providing advance notification to the Department of Justice, shall not directly or indirectly

acquire any saturation chamber that, to the best of Cal Dive's knowledge, has been

operated in or located in the United States Gulf of Mexico at any time since October 1, 2002,

whether as part of a portable saturation diving system or as part of saturation diving system built

into a vessel, or any interest, including any financial, security, loan, equity or management

interest in, any company that owns or operates such a saturation chamber.   Such notification shall

be provided to the Department of Justice in the same format as, and per the instructions relating

to, the Notification and Report Form set forth in the Appendix to Part 803 of Title 16 of the Code

of Federal Regulations as amended.  Notification shall be provided at least thirty (30) calendar

days prior to the acquisition, and shall include, beyond what may be required by the applicable

instructions, the names of the principal representatives of the parties to the agreement who

negotiated the agreement, and any management or strategic plans discussing the proposed

transaction.

## XII.

## NO REACQUISITION

Defendant Cal Dive may not reacquire any of the Saturation Diving Assets during the

term of this Final Judgment.

## XIII.

## RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this

Court at any time for further orders and directions as may be necessary or appropriate to carry out

14

or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## XIV.

## EXPIRATION OF FINAL JUDGMENT

Unless this Court grants an extension, this Final Judgment shall expire ten years from the date of its entry.

## XV.

## PUBLIC INTEREST DETERMINATION

For the reasons set forth in the Competitive Impact Statement that has been filed with the Court and that has been made available for public comment, entry of this Final Judgment is in the public interest, and the parties have complied with the procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16.

Dated:


_____

United States District Judge

15