IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       *Plaintiff,*<br><br>    v.<br><br>CAL DIVE INTERNATIONAL, INC.<br>STOLT OFFSHORE S.A.,<br>STOLT OFFSHORE, INC., and<br>S&H DIVING, LLC,<br><br>       *Defendants.* | Case No.<br>Judge<br>Deck Type: Antitrust<br>Filed: |

**HOLD SEPARATE STIPULATION AND ORDER**

It is hereby stipulated by and between the undersigned parties, subject to approval and entry by the Court, that:

**I.**

**DEFINITIONS**

As used in this Hold Separate and Stipulation Order:

A. "Acquirer" or "Acquirers" means the entity or entities to whom defendant Cal Dive divests the Saturation Diving Assets.

B. "Cal Dive" means Cal Dive International, Inc., a Minnesota corporation with its headquarters in Houston, Texas, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, joint ventures, and their directors, officers, managers, agents, and employees.

C.    "Saturation Diving Assets" means the vessel designated as the Seaway Defender, the vessel designated as the Midnight Carrier, and the saturation diving system designated as the Torch Saturation Diving System.

D.    "Stolt" means Stolt Offshore S.A., a Luxembourg registered company, its United States subsidiary, Stolt Offshore, Inc., a corporation organized and existing under the laws of the state of Louisiana, with headquarters in Houston, Texas, and S&H Diving LLC, a Louisiana limited liability company with offices in Houston, Texas.

E.    "Torch Saturation Diving System" means the portable saturation diving system that Cal Dive purchased from Torch Offshore, Inc., that has six major components: a four-man single lock saturation chamber, a transfer lock (TUP), a two-man diving bell, a main umbilical, a control van, and a supply van.

## II.

## OBJECTIVES

The Final Judgment filed in this case is meant to ensure defendant Cal Dive's prompt divestiture of the Saturation Diving Assets in order to remedy the effects that the United States alleges would otherwise result from Cal Dive's acquisition of defendant Stolt's saturation diving vessels and systems. This Hold Separate Stipulation and Order ensures that, prior to such divestiture, the Saturation Diving Assets will remain independent of the rest of Cal Dive's assets and will be maintained in the same physical condition as of the date Cal Dive acquires them, ordinary wear and tear excepted, and that competition is maintained during the pendency of the ordered divestiture.

### III.

### JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action and, for purposes of this action only, over each of the parties hereto, and venue of this action is proper in the United States District Court for the District of Columbia.

### IV.

### COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.  The parties stipulate that a Final Judgment in the form attached hereto as Exhibit A, may be filed with and entered by this Court, upon the motion of any party or upon this Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on defendants and by filing that notice with this Court.

B.  The defendants shall abide by and comply with the provisions of the proposed Final Judgment pending the entry of the Final Judgment by this Court, or until expiration of the time for all appeals of any Court ruling declining entry of the proposed Final Judgment. From the date of the signing of this Hold Separate Stipulation and Order by the parties, defendants shall comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an order of this Court.

C.  The defendants shall not consummate the transaction sought to be enjoined by the Complaint herein before the Court has signed this Hold Separate Stipulation and Order.

D.   This Stipulation shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to this Court.

E.   In the event that (1) the United States has withdrawn its consent, as provided in Section IV(A) above, or (2) the proposed Final Judgment is not entered pursuant to this Stipulation, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

F.   The defendants represent that the divestiture ordered in the proposed Final Judgment can and will be made, and that defendants will later raise no claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

## V.

## HOLD SEPARATE PROVISIONS

Until the divestiture required by the Final Judgment has been accomplished:

A.   Defendant Cal Dive shall take all steps necessary to assure that the Saturation Diving Assets are maintained as separate, distinct, and saleable assets, apart from other assets of Cal Dive. Cal Dive shall preserve the Saturation Diving Assets in a state of repair equal to their state of repair as of the date Cal Dive acquires them, ordinary wear and tear excepted. The defendants shall preserve the documents, books, and records relating to the Saturation Diving Assets until the date of divestiture. Defendant Cal Dive shall not sell, lease, assign, transfer, or otherwise dispose of, or pledge as collateral for loans, the Saturation Diving Assets.

B.    The defendants shall take no action that would jeopardize, delay, or impede the sale of the Saturation Diving Assets.

C.    Within twenty (20) calendar days after the entry of the Hold Separate Stipulation and Order, each defendant will inform the United States of the steps such defendant has taken to comply with the Hold Separate Stipulation and Order.

D.    The defendants shall take no action that would interfere with the ability of any trustee appointed pursuant to the Final Judgment to complete the divestiture required by the Final Judgment to an Acquirer or Acquirers acceptable to the United States.

E.    This Hold Separate Stipulation and Order shall remain in effect until consummation of the divestiture required by the proposed Final Judgment or until further order of the Court.

Dated:  October 18, 2005

Respectfully submitted,

| FOR PLAINTIFF | FOR DEFENDANT |
| --- | --- |
| UNITED STATES OF AMERICA: | CAL DIVE INTERNATIONAL, INC.: |
| _____/s/_____ | _____/s/_____ |
| Jennifer L. Cihon (OH Bar #0068404 ) | Daniel L. Wellington  (D.C. Bar #273839) |
| Angela L. Hughes (D.C. Bar #303420) | Neely B. Agin (D.C. Bar #456005) |
| John M. Snyder (D.C. Bar #456921) | Fulbright & Jaworski LLP |
| Bethany K. Hipp (GA Bar #141678) | 801 Pennsylvania Avenue, N.W. |
| Trial Attorneys | Washington, D.C. 20004-2623 |
| U.S. Department of Justice | Tel: (202) 662-4574 |
| Antitrust Division | Fax: (202) 662-4643 |
| Transportation, Energy & Agriculture Section | |
| 325 7th Street, NW, Suite 500 | |
| Washington, D.C. 20530 | |
| Tel: (202) 307-3278 | |
| Fax: (202) 307-2784 | |

FOR DEFENDANTS
STOLT OFFSHORE S.A., STOLT
OFFSHORE, INC., and S&H DIVING LLC:

_____/s/_____
Paul C. Cuomo (D.C. Bar #457793)
Sean F. Boland (D.C. Bar #249318)
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610

**IT IS SO ORDERED.**

**SIGNED:   EMMET G. SULLIVAN**
**          UNITED STATES DISTRICT JUDGE**
**          October 27, 2005**