**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| CAL DIVE INTERNATIONAL, INC., | ) |
| STOLT OFFSHORE S.A., | ) |
| STOLT OFFSHORE, INC., and | ) |
| S&H DIVING, LLC, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

Case No. 1:05CV02041
Judge:  Emmet G. Sullivan
Deck Type:  Antitrust
Filed: January 6, 2006

## PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF AMENDED PROPOSED FINAL JUDGMENT

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C.

§ 16(b)-(h) ("APPA"), plaintiff, the United States of America ("United States") moves for entry

of the Amended Proposed Final Judgment filed in this civil antitrust proceeding.  The Amended

Proposed Final Judgment may be entered at this time without further hearing if the Court

determines that entry is in the public interest.  The Competitive Impact Statement, filed on

October 20, 2005 and referenced in Section XV of the Amended Proposed Final Judgment,

explains why entry of the Amended Proposed Final Judgment is in the public interest.  The

United States is filing simultaneously with this Motion and Memorandum a Certificate of

Compliance setting forth the steps taken by the parties to comply with all applicable provisions

of the APPA and certifying that the statutory waiting period has expired.

## I.    Background

On October 18, 2005, the United States filed a civil antitrust Complaint seeking to enjoin a proposed acquisition by Cal Dive International, Inc. ("Cal Dive") of certain assets of Stolt Offshore, Inc. and S&H Diving, LLC (collectively, "Stolt"). The Complaint alleges that the effect of the acquisition, if consummated, may be substantially to lessen competition in the provision of saturation diving services in interstate trade and commerce in the United States Gulf of Mexico, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. The Complaint alleges that unless restrained, the acquisition will likely have the following effects, among others:  (a) actual and potential competition between Cal Dive and Stolt in the provision of saturation diving services would be eliminated; (b) competition generally in the provision of saturation diving services would be eliminated or substantially lessened; (c) prices of saturation diving services would increase; and (d) quality and service levels in the provision of saturation diving services would decrease.  Accordingly, the United States, in its Complaint, requests that the proposed acquisition be adjudged to violate Section 7 of the Clayton Act and that defendants be permanently enjoined from consummating the acquisition.

The United States also filed a Hold Separate Stipulation and Order and Amended Proposed Final Judgment which are designed to eliminate the anticompetitive effects of the acquisition. Cal Dive is required within 60 calendar days after the filing of the Complaint, or five days after notice of the entry of the Amended Proposed Final Judgment by the Court, whichever is later, to divest the Torch Saturation Diving System and the vessel designated as the Midnight Carrier, and is required within 90 calendar days after the filing of the Complaint, or five days after notice of the entry of the Amended Proposed Final Judgment by the Court,

whichever is later, to divest the vessel designated as the Seaway Defender. If Cal Dive does not complete the divestitures within the prescribed times, then, under the terms of the Amended Proposed Final Judgment, this Court will appoint a trustee to sell the assets. The Hold Separate Stipulation and Order and the Amended Proposed Final Judgment require Cal Dive to preserve, maintain and continue to operate these assets in the ordinary course of business. The Competitive Impact Statement, filed with this Court on October 20, 2005 and referenced in Section XV of the Amended Proposed Final Judgment, explains the basis for the Complaint and the reasons why entry of the Amended Proposed Final Judgment is in the public interest.

The parties, pursuant to the Hold Separate Stipulation and Order entered by the Court on October 27, 2005, stipulated that the Amended Proposed Final Judgment may be entered by the Court after the completion of the procedures required by the APPA. Entry of the Amended Proposed Final Judgment will terminate this action, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Amended Proposed Final Judgment and to punish violations thereof.

## II.    Compliance with the APPA

The APPA requires a sixty-day period for the submission of public comments on the Amended Proposed Final Judgment, 15 U.S.C. § 16(b). In this case, the comment period terminated on December 30, 2005, and the United States received no public comments. The United States has filed a Certificate of Compliance simultaneously with this Motion and Memorandum that states all the requirements of the APPA have been satisfied. It is now appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the Amended Proposed Final Judgment.

### III.    Standard of Judicial Review

Before entering the Amended Proposed Final Judgment, the Court is to determine

whether the Judgment "is in the public interest." 15 U.S.C. § 16(e). In making that

determination, the Court may consider:

> 1) the competitive impact of such judgment, including termination of alleged
> violations, provisions for enforcement and modification, duration or relief sought,
> anticipated effects of alternative remedies actually considered, whether its terms
> are ambiguous, and any other competitive considerations bearing upon the
> adequacy of such judgment that the court deems necessary to a determination of
> whether the consent judgment is in the public interest; and
>
> 2) the impact of entry of such judgment upon competition in the relevant market
> or markets, upon the public generally and individuals alleging specific injury from
> the violations set forth in the complaint including consideration of the public
> benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e).

In its Competitive Impact Statement, which was filed with the Court on October 20,

2005, and is referenced in Section XV of the Amended Proposed Final Judgment, the United

States set forth the requirements for the application of the public interest standard under the

APPA and incorporates those statements herein. The public, including affected competitors and

customers, has not filed any comments on the Amended Proposed Final Judgment as required by

law. The Amended Proposed final Judgment is within the range of settlements consistent with

the public interest.

### IV.    Conclusion

For the reasons set forth in this Motion and Memorandum and in the Competitive Impact

Statement, the Court should find that the Amended Proposed Final Judgment is in the public

interest and should enter the Amended Proposed Final Judgment without further hearings. The

4

United States respectfully requests that the Amended Proposed Final Judgment, annexed hereto,

be entered as soon as possible.

Dated: January 6, 2006

Respectfully submitted,

Jennifer L. Cihon (OH Bar # 0068404)
Transportation, Energy & Agriculture Section
Antitrust Division
U.S. Department of Justice
325 7th Street N.W. Suite 500
Washington, D.C. 20530
(202) 307-3278

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2006, I caused a copy of the foregoing Plaintiff's

Motion and Memorandum for Entry of Amended Proposed Final Judgment to be served on

counsel for defendants in this matter in the manner set forth below:

By electronic mail:

Counsel for Defendant Cal Dive International, Inc.
Daniel L. Wellington (D.C. Bar #273839)
Neely B. Agin (D.C. Bar #456005)
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-4574
Fax: (202) 662-4643

Counsel for Defendants Stolt Offshore S.A., Stolt Offshore, Inc.
and S&H Diving LLC
Paul C. Cuomo (D.C. Bar #457793)
Sean F.X. Boland (D.C. Bar #249318)
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610


Jennifer L. Cihon (OH Bar #0068404)
Department of Justice
Antitrust Division
325 Seventh Street, N.W.
Suite 500
Washington, DC 20530
(202) 307-3278
(202) 616-2441 (Fax)

**ANNEX**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>*Plaintiff,* )<br><br>v. )<br><br>CAL DIVE INTERNATIONAL, INC., )<br>STOLT OFFSHORE S.A., )<br>STOLT OFFSHORE, INC., and )<br>S&H DIVING, LLC, )<br><br>*Defendants.* ) | Case No. 1:05CV02041<br>Judge: Emmet G. Sullivan<br>Deck Type: Antitrust<br>Filed: October 27, 2005 |

### AMENDED PROPOSED FINAL JUDGMENT

WHEREAS, plaintiff, United States of America, filed its Complaint on October 18, 2005, plaintiff and defendants, by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, the defendants have stipulated solely for purposes of this action that the Court has personal jurisdiction over the defendants;

AND WHEREAS, the defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the prompt and certain divestiture of a saturation diving system and diving support vessels by defendant Cal Dive to assure that competition is not substantially lessened;

AND WHEREAS, the United States requires defendant Cal Dive to make certain divestitures for the purpose of remedying the loss of competition alleged in the Complaint;

AND WHEREAS, the defendants have represented to the United States that the divestiture required below can and will be made and that the defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED AND DECREED:

## I.

## JURISDICTION

This Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against the defendants under Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18.

## II.

## DEFINITIONS

As used in this Final Judgment:

A.      "Acquirer" or "Acquirers" means the entity or entities to whom defendant Cal Dive divests the Saturation Diving Assets.

B.      "Cal Dive" means Cal Dive International, Inc., a corporation organized and existing under the laws of the state of Minnesota with its headquarters in Houston, Texas, its successors and

assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, joint ventures, and their directors, officers, managers, agents, and employees.

C.    "Person" means any natural person, corporation, association, firm, partnership, or other business or legal entity.

D.    "Saturation Diving Assets" means the vessel designated as the Seaway Defender, the vessel designated as the Midnight Carrier, and the saturation diving system designated as the Torch Saturation Diving System.

E.    "Stolt" means Stolt Offshore S.A., a Luxembourg registered company, its United States subsidiary, Stolt Offshore, Inc., a corporation organized and existing under the laws of the state of Louisiana, with headquarters in Houston, Texas, and S&H Diving LLC, a Louisiana limited liability company with offices in Houston, Texas.

F.    "Torch Saturation Diving System" means the portable saturation diving system that Cal Dive purchased from Torch Offshore, Inc. that has six major components: a four-man single lock saturation chamber, a transfer lock (TUP), a two-man diving bell, a main umbilical, a control van, and a supply van.

### III.

### APPLICABILITY

This Final Judgment applies to the defendants, Cal Dive and Stolt, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

### IV.

### DIVESTITURE

3

A.    Defendant Cal Dive is hereby ordered and directed (1) to divest the Torch Saturation Diving System and the vessel designated as the Midnight Carrier within sixty (60) calendar days after the date of filing of the Complaint in this matter, or within five (5) days after notice of the entry of this Final Judgment by the Court, whichever is later; and (2) to divest the vessel designated as the Seaway Defender within ninety (90) calendar days after the date of the filing of the Complaint in this matter, or within five (5) days after notice of the entry of this Final Judgment by the Court, whichever is later.  The divestitures must be made in a manner consistent with this Final Judgment to an Acquirer or Acquirers acceptable to the United States in its sole discretion.  The United States, in its sole discretion, may agree to extend each time period up to thirty (30) calendar days, and shall notify the Court in such circumstances.  Defendant Cal Dive agrees to use its best efforts to divest the Saturation Diving Assets as expeditiously as possible.

B.    In accomplishing the divestiture ordered by this Final Judgment, defendant Cal Dive promptly shall make known, by usual and customary means, the availability of the Saturation Diving Assets.  Defendant Cal Dive shall inform any person making inquiry regarding a possible purchase of the Saturation Diving Assets that they are being divested pursuant to this Final Judgment and provide that person with a copy of this Final Judgment.  The defendants shall offer to furnish to each prospective Acquirer, subject to customary confidentiality assurances, all information and documents relating to the Saturation Diving Assets customarily provided in a due diligence process except such information or documents subject to the attorney-client or work-product privileges.  The defendants shall make available such information and documents to the United States at the same time that such information and documents are made available to any other person.

4

C.    The defendants shall provide to each Acquirer of some or all of the Saturation Diving Assets, and to the United States, the name and current contact information (if known) for each individual who is currently, or who, to the best of the defendants' knowledge, has been involved at any time since June 1, 2004, whether onshore or offshore, in the operation of the specific Saturation Diving Assets to be acquired by the Acquirer or in the provision of diving services by or with any of the specific Saturation Diving Assets to be acquired by the Acquirer, including divers, diving tenders, and diving supervisors or superintendents.  The defendants shall not impede or interfere with any negotiations by the Acquirer or Acquirers to employ any person who has worked with, or whose principal responsibilities have concerned, any of the Saturation Diving Assets.

D.    Consistent with customary due diligence processes and subject to customary confidentiality assurances, the defendants shall permit each prospective Acquirer of some or all Saturation Diving Assets to have reasonable access to personnel and to make inspections of the Saturation Diving Assets; access to any and all environmental and other permit documents and information; and access to any and all financial, operational, or other documents and information.

E.    Defendant Cal Dive also agrees to divest the Saturation Diving Assets in a condition and state of repair equal to their condition and state of repair as of the date Cal Dive acquires them, ordinary wear and tear excepted.

F.    The defendants will not undertake, directly or indirectly, any challenges to any permits or certifications relating to the operation of the Saturation Diving Assets, or otherwise take any action to impede the divestiture or operation of the Saturation Diving Assets.

5

G.    The divestiture of the Saturation Diving Assets shall be accomplished in such a way as to satisfy the United States, in its sole discretion, that the Saturation Diving Assets will be operational or made operational by the Acquirer or Acquirers, will be used by the Acquirer or Acquirers as part of a viable, ongoing business engaged in the provision of saturation diving services in the United States Gulf of Mexico, and will remedy the competitive harm alleged in the Complaint.  The divestiture, whether pursuant to Section IV or Section V of this Final Judgment:

1.    shall be made to an Acquirer or Acquirers that, in the United States's sole judgment, has the intent and capability (including the necessary operational, technical, and financial capability) to compete effectively in the saturation diving business in the United States Gulf of Mexico; and

2.    shall be accomplished so as to satisfy the United States, in its sole discretion, that none of the terms of any agreement between the Acquirer or Acquirers and defendant Cal Dive gives the defendants the ability unreasonably to raise the Acquirer's or Acquirers' costs, to lower the Acquirer's or Acquirers' efficiency, or otherwise to interfere in the ability of the Acquirer or Acquirers to compete effectively.

## V.

## APPOINTMENT OF TRUSTEE

A.    If defendant Cal Dive has not divested the Saturation Diving Assets within the time period specified in Section IV(A), defendant Cal Dive shall notify the United States of that fact in writing.  Upon application of the United States, in its sole discretion, the Court shall appoint a trustee selected by the United States and approved by the Court to effect the divestiture of the Saturation Diving Assets.

6

B.      After the appointment of a trustee becomes effective, only the trustee shall have the right

to sell the Saturation Diving Assets.  The trustee shall have the power and authority to accomplish

the divestiture to an Acquirer or Acquirers acceptable to the United States, in its sole discretion,

at such price and on such terms as are then obtainable upon reasonable effort by the trustee,

subject to the provisions of Sections IV, V, and VI of this Final Judgment, and shall have such

other powers as this Court deems appropriate.  Subject to Section V(D) of this Final Judgment,

the trustee may hire at the cost and expense of defendant Cal Dive any investment bankers,

attorneys, or other agents, who shall be solely accountable to the trustee, reasonably necessary in

the trustee's judgment to assist in the divestiture.

C.      The defendants shall not object to a sale of the Saturation Diving Assets by the trustee on

any ground other than the trustee's malfeasance.  Any such objections by the defendants must be

conveyed in writing to the United States and the trustee within ten (10) calendar days after the

trustee has provided the notice required under Section VI.

D.      The trustee shall serve at the cost and expense of defendant Cal Dive, on such terms and

conditions as the United States approves, and shall account for all monies derived from the sale of

the Saturation Diving Assets and for all costs and expenses so incurred.  After approval by the

Court of the trustee's accounting, including fees for its services and those of any professionals

and agents retained by the trustee, all remaining money shall be paid to defendant Cal Dive and

the trust shall then be terminated.  The compensation of the trustee and any professionals and

agents retained by the trustee shall be reasonable in light of the value of the Saturation Diving

Assets and based on a fee arrangement providing the trustee with an incentive based on the price

7

and terms of the divestiture and the speed with which it is accomplished, but timeliness is paramount.

E.    The defendants shall use their best efforts to assist the trustee in accomplishing the required divestiture. The trustee and any consultants, accountants, attorneys, and other persons retained by the trustee shall have full and complete access to the Saturation Diving Assets and the personnel, books, and records of the Saturation Diving Assets, and defendant Cal Dive shall develop financial and other information relevant to the Saturation Diving Assets as the trustee may reasonably request, subject to reasonable protection for trade secret or other confidential research, development, or commercial information. The defendants shall take no action to interfere with or to impede the trustee's accomplishment of the divestiture.

F.    After its appointment, the trustee shall file monthly reports with the United States and the Court setting forth the trustee's efforts to accomplish the divestiture ordered under this Final Judgment. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, the Saturation Diving Assets and shall describe in detail each contact with any such person. The trustee shall maintain full records of all efforts made to divest the Saturation Diving Assets.

G.    If the trustee has not accomplished such divestiture within six (6) months after its appointment, the trustee shall promptly file with the Court a report setting forth (1) the trustee's efforts to accomplish the required divestiture; (2) the reasons, in the trustee's judgment, why the

8

required divestiture has not been accomplished; and (3) the trustee's recommendations. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. The trustee shall at the same time furnish such report to the United States who shall have the right to make additional recommendations consistent with the purpose of the trust. The Court thereafter shall enter such orders as it shall deem appropriate to carry out the purpose of the Final Judgment, which may, if necessary, include, without limitation, extending the trust and the term of the trustee's appointment by a period requested by the United States.

## VI.

### NOTICE OF PROPOSED DIVESTITURE

A.    Within two (2) business days following execution of a definitive divestiture agreement, defendant Cal Dive or the trustee, whichever is then responsible for effecting the divestiture required herein, shall notify the United States of any proposed divestiture required by Section IV or V of this Final Judgment. If the trustee is responsible, it shall similarly notify defendant Cal Dive. The notice shall set forth the details of the proposed divestiture and list the name, address, and telephone number of each person not previously identified who offered or expressed an interest in or desire to acquire the Saturation Diving Assets, together with full details of the same.

B.    Within fifteen (15) calendar days of receipt by the United States of such notice, the United States may request from the defendants, the proposed Acquirer or Acquirers, any other third party, or the trustee if applicable, additional information concerning the proposed divestiture, the proposed Acquirer or Acquirers and any other potential Acquirer or Acquirers. The defendants

9

and the trustee shall furnish any additional information requested within fifteen (15) calendar

days of the receipt of the request, unless the parties shall otherwise agree.

C.        Within thirty (30) calendar days after receipt of the notice or within twenty (20) calendar

days after the United States has been provided the additional information requested from the

defendants, the proposed Acquirer or Acquirers, any third party, and the trustee, whichever is

later, the United States shall provide written notice to defendant Cal Dive and the trustee, if there

is one, stating whether or not it objects to the proposed divestiture.  If the United States provides

written notice that it does not object, the divestiture may be consummated, subject only to

defendants' limited right to object to the sale under Section V(C) of this Final Judgment.  Absent

written notice that the United States does not object to the proposed Acquirer or Acquirers or

upon objection by the United States, a divestiture proposed under Section IV or Section V shall

not be consummated.  Upon objection by the defendants under Section V(C), a divestiture

proposed under Section V shall not be consummated unless approved by the Court.

## VII.

## FINANCING

The defendants shall not finance all or any part of any purchase made pursuant to Section

IV or V of this Final Judgment.

## VIII.

## HOLD SEPARATE

Until the divestiture required by this Final Judgment has been accomplished, the

defendants shall take all steps necessary to comply with the Hold Separate Stipulation and Order

10

entered by this Court. The defendants shall take no action that would jeopardize, delay, or impede the divestiture order by this Court.

## IX.

## AFFIDAVITS

A.    Within twenty (20) calendar days of the filing of the Complaint in this matter, and every thirty (30) calendar days thereafter until the divestiture has been completed under Section IV or V, the defendants shall deliver to the United States an affidavit that describes the fact and manner of their compliance with Section IV or V of this Final Judgment. Each such affidavit shall include the name, address, and telephone number of each person who, during the preceding thirty (30) calendar days, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring any or all of the Saturation Diving Assets, and shall describe in detail each contact with any such person during that period. Each such affidavit shall also include a description of the efforts defendant Cal Dive has taken to solicit buyers for the Saturation Diving Assets, and to provide required information to any prospective Acquirer or Acquirers, including the limitations, if any, on such information. Assuming the information set forth in the affidavit is true and complete, any objection by the United States to information provided by the defendants, including limitations on the information, shall be made within fourteen (14) calendar days of receipt of such affidavit.

B.    Within twenty (20) calendar days of the filing of the Complaint in this matter, the defendants shall deliver to the United States an affidavit that describes in reasonable detail all actions the defendants have taken and all steps the defendants have implemented on an ongoing basis to comply with Section VIII of this Final Judgment. The defendants shall deliver to the

11

United States an affidavit describing any changes to the efforts and actions outlined in the defendants' earlier affidavits filed pursuant to this section within fifteen (15) calendar days after the change is implemented.

C.      Defendant Cal Dive shall keep all records of all efforts made to preserve and to divest the Saturation Diving Assets until one year after such divestiture has been completed.

## X.

## COMPLIANCE INSPECTIONS

A.      For purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time duly authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to the defendants, be permitted:

1.      access during the defendants' office hours to inspect and copy, or at the United States' option, to require the defendants to provide copies of, all books, ledgers, accounts, records and documents in the possession, custody, or control of the defendants, relating to any matters contained in this Final Judgment; and

2.      to interview, either informally or on the record, the defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by the defendants.

12

B.    Upon the written request of a duly authorized representative of the Assistant Attorney

General in charge of the Antitrust Division, the defendants shall submit written reports, or

responses to written interrogatories, under oath if requested, relating to any of the matters

contained in this Final Judgment as may be requested.

C.    No information or documents obtained by the means provided in this section shall be

divulged by the United States to any person other than an authorized representative of the

executive branch of the United States, except in the course of legal proceedings to which the

United States is a party (including grand jury proceedings), or for the purpose of securing

compliance with this Final Judgment, or as otherwise required by law.

D.    If at the time information or documents are furnished by the defendants to the United

States, the defendants represent and identify in writing the material in any such information or

documents to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal

Rules of Civil Procedure, and the defendants mark each pertinent page of such material, "Subject

to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the

United States shall give the defendants ten (10) calendar days notice prior to divulging such

material in any legal proceeding (other than a grand jury proceeding).

## XI.

## NOTIFICATION

Unless such transaction is otherwise subject to the reporting and waiting period

requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, 15

U.S.C. § 18a, for three years after entry of this Final Judgment, defendant Cal Dive, without

13

providing advance notification to the Department of Justice, shall not directly or indirectly

acquire any saturation chamber that, to the best of Cal Dive's knowledge, has been

operated in or located in the United States Gulf of Mexico at any time since October 1, 2002,

whether as part of a portable saturation diving system or as part of saturation diving system built

into a vessel, or any interest, including any financial, security, loan, equity or management

interest in, any company that owns or operates such a saturation chamber.    Such notification shall

be provided to the Department of Justice in the same format as, and per the instructions relating

to, the Notification and Report Form set forth in the Appendix to Part 803 of Title 16 of the Code

of Federal Regulations as amended.  Notification shall be provided at least thirty (30) calendar

days prior to the acquisition, and shall include, beyond what may be required by the applicable

instructions, the names of the principal representatives of the parties to the agreement who

negotiated the agreement, and any management or strategic plans discussing the proposed

transaction.

## XII.

## NO REACQUISITION

Defendant Cal Dive may not reacquire any of the Saturation Diving Assets during the

term of this Final Judgment.

## XIII.

## RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this

Court at any time for further orders and directions as may be necessary or appropriate to carry out

14

or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## XIV.

## EXPIRATION OF FINAL JUDGMENT

Unless this Court grants an extension, this Final Judgment shall expire ten years from the date of its entry.

## XV.

## PUBLIC INTEREST DETERMINATION

For the reasons set forth in the Competitive Impact Statement that has been filed with the Court and that has been made available for public comment, entry of this Final Judgment is in the public interest, and the parties have complied with the procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16.

Dated:


_____

United States District Judge

15