IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff,*<br><br>v.<br><br>CAL DIVE INTERNATIONAL, INC.,<br>STOLT OFFSHORE S.A.,<br>STOLT OFFSHORE, INC., and<br>S&H DIVING, LLC,<br><br>        *Defendants.* | Case No. 1:05CV02041<br>Judge: Emmet G. Sullivan<br>Deck Type: Antitrust<br>Filed: February 13, 2006 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION OF THE UNITED STATES FOR APPOINTMENT OF TRUSTEE

This Memorandum is filed in support of the Motion of the United States for Appointment of Judge Louis M. Phillips as Trustee in the above-captioned case. This case arises from a civil antitrust Complaint filed by the United States on October 18, 2005 and stipulated Amended Proposed Final Judgment filed on October 27, 2005. The Court entered the Final Judgment on January 11, 2006.

The success of the Final Judgment in remedying the competitive problems identified in the Complaint depends upon the successful divestiture of the "Saturation Diving Assets" as defined in Section II(D) of the Final Judgment. Defendant Cal Dive International, Inc. ("Cal Dive") has not been able to successfully divest all of the Saturation Diving Assets in the time permitted under the Final Judgment. Accordingly, Court appointment of a trustee, pursuant to

1

Section V of the Final Judgment, is warranted. The United States has informed defendant Cal Dive that it is filing this motion, which, pursuant to the terms of the Final Judgment, Cal Dive may not oppose.

Judge Louis M. Phillips, of Gordon, Arata, McCollam, Duplantis & Eagan, LLP, the candidate Trustee selected by the United States, possesses the expertise, experience, and organization to accomplish the successful divestiture of the Saturation Diving Assets.

## I.
## INTRODUCTION

The Complaint alleges that the acquisition by Cal Dive of certain saturation diving assets of Stolt Offshore, Inc. and S&H Diving, LLC (collectively "Stolt") would violate Section 7 of the Clayton Act, 15 U.S.C. § 18 because it would substantially reduce competition among providers of saturation diving services in the United States Gulf of Mexico. The Complaint sought adjudication that the acquisition by Cal Dive of certain saturation diving assets from Stolt would violate Section 7 of the Clayton Act and further sought permanent injunctive relief.

### A.   Final Judgment

The Final Judgment filed with the Complaint and entered by this Court on January 11, 2006, embodies the parties' agreement to settle the case through prompt divestiture of the Torch Saturation Diving System, the vessel designated as the Midnight Carrier, and the vessel designated as the Seaway Defender ("Saturation Diving Assets"). This settlement resulted from negotiations between the United States, Cal Dive and Stolt that occurred over a period of several months.

The essence of the settlement is the prompt and certain divestiture of the defined

Saturation Diving Assets by defendant Cal Dive to assure that competition is not substantially lessened. To accomplish this objective, Section IV(A) of the Final Judgment requires defendant Cal Dive to "use its best efforts to divest the Saturation Diving Assets as expeditiously as possible" to "an Acquirer or Acquirers acceptable to the United States in its sole discretion."

**B.     Cal Dive's Failure to Divest All of the Saturation Diving Assets**

Section IV(A) of the Final Judgment gave Cal Dive sixty (60) calendar days after the filing of the Complaint or five (5) days after notice of entry of the Final Judgment by the Court, whichever was later, to divest the Torch Saturation Diving system and the vessel designated as the Midnight Carrier. Section VI(A) of the Final Judgment gave Cal Dive ninety (90) calendar days after the filing of the Complaint or five (5) days after notice of entry of the Final Judgment by the Court, whichever was later, to divest the vessel designated the Seaway Defender. Because more than 90 days elapsed after the filing of the Complaint and prior to the entry of the Final Judgment by this Court, Cal Dive had until 5 days after notice of entry of the Final Judgment by the Court to divest the Saturation Diving Assets. The Court entered the Final Judgment on January 11, 2006, and notice was provided the following day.

Cal Dive presented Chet Morrison Contractors, Inc. ("Chet Morrison") as a potential purchaser of the Torch Saturation System, and the United States has approved Chet Morrison as the purchaser of the Torch Saturation System. To date, however, Cal Dive has not been able to accomplish divestiture of the remaining Saturation Diving Assets, the vessel designated as the Midnight Carrier and the vessel designated as the Seaway Defender, to one or more purchasers acceptable to the United States. It is now appropriate, pursuant to Section V(A) of the Final Judgment, to appoint a trustee selected by the United States to effect the required divestitures.

C.  **Purpose of the Trust and Appointment of the Trustee**

The purpose of the trust under the Final Judgment is to divest the remaining assets to a purchaser demonstrated to the United States' satisfaction as having the intent and capability, including the necessary managerial, operational, and financial capability, of competing effectively in the provision of saturation diving services in the United States Gulf of Mexico. As provided in Section V(B) of the Final Judgment, after the appointment of a Trustee becomes effective, only the Trustee shall have the right to sell the remaining Saturation Diving Assets. The Trustee shall have the power and authority to accomplish the divestitures at the best price then obtainable upon a reasonable effort. Further, to assist in the divestitures, the Trustee shall have the power and authority to hire, at the cost and expense of Cal Dive, any investment bankers, attorneys, or other agents reasonably necessary in the judgment of the trustee. Thus, the Trustee will have the power and authority to take whatever actions are required to remove any impediments to successful divestiture of the Saturation Diving Assets.

## II.

### TRUSTEE PROPOSED BY THE UNITED STATES

The United States moves this Court to appoint Judge Louis M. Phillips as Trustee. Judge Phillips, a partner at Gordon, Arata, McCollam, Duplantis & Eagan, LLP ("Gordon Arata"), was the United States Bankruptcy Judge for the Middle District of Louisiana from May 1988 through May 2002. He is currently head of Gordon Arata's Insolvency and Bankruptcy Practice Group and provides representation and consultation for debtors, creditors, and trustees over practices including business structuring and restructuring, bankruptcy reorganization, and bankruptcy and commercial litigation. Gordon Arata specializes in oil and gas matters, handling acquisitions and

divestitures of properties and oil and gas financing transactions, and has locations in New Orleans, Baton Rouge, LaFayette, and Houston.

Judge Phillips' previous experience and service as a United States Bankruptcy Judge, along with his firm's experience in the oil and gas industry and its locations in Louisiana and Texas, make Judge Phillips well-suited to take on the responsibilities of trustee under the Final Judgment.

### III.

### CONCLUSION

For all of the foregoing reasons, the United States respectfully requests this Court to appoint Judge Louis M. Phillips as trustee pursuant to Section V of the Final Judgment.

Dated:   February 13, 2006

Respectfully submitted,

Jennifer L. Cihon (OH Bar #0068404)
Transportation, Energy & Agriculture Section
Antitrust Division
U.S. Department of Justice
325 7th Street N.W. Suite 500
Washington, D.C. 20530
(202) 307-3278

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2006, I caused a copy of the foregoing Plaintiff's Memorandum in Support of Motion of the United States for Appointment of Trustee to be served by electronic mail to counsel for defendants listed below:

Counsel for Defendant Cal Dive International, Inc.
Daniel L. Wellington (D.C. Bar #273839)
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-4574
Fax: (202) 662-4643

Counsel for Defendants Stolt Offshore S.A., Stolt Offshore, Inc.
and S&H Diving LLC
Paul C. Cuomo (D.C. Bar #457793)
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610

Jennifer L. Cihon (OH Bar #0068404)
Department of Justice
Antitrust Division
325 Seventh Street, N.W.
Suite 500
Washington, DC 20530
(202) 307-3278
(202) 616-2441 (Fax)