IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 1:05CV02041 |
|     Plaintiff | * | |
| | * | JUDGE: Emmet G. Sullivan |
| v. | * | |
| | * | DECK TYPE: Antitrust |
| CAL DIVE INTERNATIONAL, INC., | * | |
| STOLT OFFSHORE S.A., | * | FILED: May 4, 2006 |
| STOLT OFFSHORE, INC., and | * | |
| S&H DIVING, LLC, | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## TRUSTEE'S REPORT PURSUANT TO FINAL JUDGMENT

NOW COMES Louis M. Phillips ("*Trustee*"), appointed pursuant to the Final Judgment entered January 12, 2006 (the "*Judgment*"), who submits the following report pursuant to subsection F. of Article V of the Judgment.

1.

Trustee was appointed pursuant to an Order of this honorable Court entered on the docket of this proceeding as docket entry 15, on February 17, 2006.

2.

Subsequent to the Trustee's appointment the Trustee has been engaged in acquiring information concerning the Saturation Diving Assets.[1]

3.

After his Appointment, Trustee reached agreement with Cal Dive as to compensation to be paid the Trustee, so as to avoid future proceedings before this Court regarding the reasonableness of Trustee compensation and reimbursement. This compensation agreement has been approved by the United States.

---

[1]   Capitalized terms not expressly defined have the definition given to them within the Judgment.

4.

The focus of Trustee's initial work has been upon the M/V Seaway Defender. Trustee has been advised by Cal Dive[2] and by the United States that the Torch Saturation Diving System was sold by Cal Dive prior to the appointment of Trustee, that the M/V Midnight Carrier was not operating, and that the M/V Seaway Defender was being operated by Cal Dive and was therefore the most important asset to be placed into competition through divestiture.

5.

The M/V Seaway Defender is subject to an <u>Agreement of Purchase and Sale</u>, dated March 17, 2006, which agreement has been amended by an <u>Amendment to Agreement to Purchase and Sale</u>, dated April 20, 2006 (collectively the agreement and amendment thereto are referred to as the "***Purchase Agreement***"). Cal Dive is a signatory to the Purchase Agreement. The United States has been advised as to the identity of the prospective Acquirer under the Purchase Agreement, and has given Trustee preliminary approval of the Acquirer. Presently the M/V Seaway Defender is not being operated by Cal Dive, and the prospective Acquirer is obtaining dry dock availability for the purpose of conducting the dry dock inspection described within the Purchase Agreement.

6.

Trustee has requested of Cal Dive information in its possession concerning the M/V Midnight Carrier, to provide Trustee with information necessary to the commencement of the marketing of that vessel.

7.

This report, submitted pursuant to subsection F. of Article V of the Judgment is submitted as a consolidated report covering the first two months subsequent to the appointment of Trustee.

---

[2] Subsequent to the Appointment of Trustee, Cal Dive changed its corporate designation to Helix Energy Solutions Group, Inc. Given that Cal Dive is a defined term within the Judgment it will be used within this report.

8.

The parties with whom the Trustee has had contact regarding the M/V Seaway Defender, and the nature of the contracts are set forth as follows:

a) Epic Divers, Inc., 1841 Enterprise Drive, Ste. 200, Harvey, LA 70058. Epic is the signatory under the Purchase Agreement as Purchaser, and is the potential Acquirer under the Purchase Agreement.

b) Miller Divers, Inc., P.O. Box 1003, Fairhope AL 36533. Miller Divers contacted the Trustee expressing interest in the vessel, was provided information concerning the Judgment, the location of the vessel, and the contact within Cal Dive with whom arrangements could be made to view the vessel. Miller Divers subsequently advised Trustee that it should be deleted from the list of interested parties.

c) Hydro Dive Nigeria, Ltd., 19 B Festival Road, Victoria Island, Lagos, Nigeria. The Trustee received a purchase offer from Hydro Dive and communicated the offer to the United States for review, as the offer was received within the Solicitation Period (as that term is defined within the Purchase Agreement). Trustee was advised by the United States that counsel would not recommend that the United States approve Hydro Dive as an Acquirer under the Judgment, and Hydro Dive was so advised by Trustee. Given the advice of the United States, the offer from Hydro Dive was not considered by Trustee to be an Acceptable Competing Offer (as that term is defined within the Purchase Agreement).

d) Superior Offshore International, Inc., 900 College Road, Suite 301, Lafayette, LA 70503. Trustee received an expression of interest from Superior Offshore, and provided to both Cal Dive and the United States details concerning this expression of interest. Trustee worked with Cal Dive to facilitate inspection of the M/V Seaway Defender by Superior Offshore. An inspection of the vessel was scheduled and Trustee advised Superior Offshore that a proposal should be submitted as quickly after the inspection as possible. Trustee did not receive further communication from Superior Offshore subsequent to the date of the scheduled inspection.

e) J.W. Bourgault and Associates, 2707 Highland Fern Court, Kingwood, Texas 77345. Subsequent to the execution of the Agreement of the Purchase and Sale (and prior to the execution of the Amendment to Agreement of Purchase and Sale), Trustee communicated with a representative of J.W. Bourgault and Associates concerning the possible interest of a Client of J.W. Bourgault and Associates in purchasing the M/V Seaway Defender. The Trustee advised that the vessel was under contract but that given the provisions of the Purchase Agreement allowing for termination under certain circumstances, the vessel would be made available for inspection, subject to the terms of the Purchase Agreement. Trustee provided the contact information of the person to be contacted at Cal Dive to arrange an inspection of the vessel. The representative of J.W. Bourgault and Associates also expressed interest in a vessel not subject to the Judgment and was advised by Trustee of the absence of authority to discuss assets outside the scope of the Judgment. Trustee also offered to provide information concerning the M/V Midnight Carrier, but has received no expression of interest in the marine vessel Midnight Carrier from J.W. Bourgault and Associates.

  f) Marcon International, Inc., P.O. Box 1170, 9 NW Front St., Coupeville, WA 98239-1170. Marcon International, apparently a broker of vessels, contacted Trustee with an expression of interest in obtaining a brokerage arrangement in connection with the possibility of brokering a purchase by a client. Marcon International was advised by Trustee that the vessel was under contract, and that should the Purchase agreement be terminated, or the sale contemplated within the Purchase agreement not close, that Trustee would keep the address for the purpose of future communications. Marcon International was advised about the prospect of marketing the M/V Midnight Carrier, and Trustee may, but is under no obligation to, contact Marcon International in that regard.

10.

The Purchase Agreement provides an expected closing deadline prior to June 15, 2006.

11.

Trustee has maintained all written and e-mail communications concerning efforts to sell the Saturation Diving Assets.

12.

Prior to submission of this report, Trustee has provided it to the United States and Cal Dive for review.

Baton Rouge, Louisiana, this 3rd day of May, 2006.

_____
Louis M. Phillips, Trustee