IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>  v.<br><br>CAL DIVE INTERNATIONAL, INC.,<br>STOLT OFFSHORE S.A.,<br>STOLT OFFSHORE, INC., and<br>S&H DIVING, LLC,<br><br>    *Defendants*. | Case No. 1:05CV02041<br>Judge: Emmet G. Sullivan<br>Deck Type: Antitrust<br>Filed: August 28, 2006 |

**UNITED STATES' MEMORANDUM IN SUPPORT OF THE MOTION TO EXTEND
THE TERM OF THE TRUSTEE'S APPOINTMENT**

This memorandum is submitted in support of the Motion of the United States to Extend the Term of the Trustee's Appointment. The United States requests that the Court extend the term for 90 days. Section V of the Final Judgment in this case specifically provides that the Court has authority to take such action.

On February 17, 2006, this Court signed an order appointing Louis M. Phillips as Trustee to effectuate the divestiture of the Seaway Defender ("Defender"), a dynamically positioned vessel with a built-in saturation diving system, and the Midnight Carrier, an anchor-and-chain mooring vessel capable of accommodating a portable saturation diving system.[1]

---

[1] The Final Judgment requires divestiture of three assets: the Seaway Defender, the Midnight Carrier and the Torch Saturation Diving System. Cal Dive International, Inc. was able to find a suitable acquirer for the Torch Saturation Diving System, a portable saturation diving system, prior to appointment of the Trustee.

As stated by the Trustee in his Fourth Report Pursuant to Final Judgment and Report and Recommendations Pursuant to Subsection G. of Article V. of Final Judgment ("Trustee's Fourth Report") (attachment #1 to docket #19) the Trustee elected to focus initially on divesting the Defender, which he believed could most immediately be placed into competitive service in the United States Gulf of Mexico as a saturation diving support vessel. The Trustee effectuated a purchase agreement for the Defender on March 17, 2006, and an amendment thereto on April 20, 2006.

The purchase agreement provided the prospective acquirer until May 26, 2006, to conduct a dry dock inspection of the vessel. The prospective acquirer had difficulty finding dry dock space and sought an extension of time to conduct that inspection until June 9, 2006. At the same time, the Trustee received an offer from another party for the Defender. The Trustee was able to use this additional offer to negotiate with the prospective acquirer to withdraw its request for an extension of time and to obtain closing notification under the purchase agreement. Closing notification was provided on May 26.

Thereafter, the Trustee engaged in numerous discussions with the acquirer of the Defender and Cal Dive International, Inc. ("Cal Dive")[2] about issues surrounding the sale of the vessel, including discussions concerning whether certain equipment was included in the sale of the vessel. The Trustee's Fourth Report indicates that these issues were resolved on approximately July 10, 2006.[3]

---

[2] Cal Dive has changed its name to Helix Energy Solutions Group, Inc.

[3] Since the filing of the Trustee's Fourth Report, the Trustee has notified the United States that an additional dispute has arisen between Cal Dive and the acquirer over the equipment sold

2

After these issues were resolved, the Trustee focused on further marketing the Midnight Carrier to appropriate acquirers. The Trustee has communicated with Cal Dive concerning steps Cal Dive needs to take to maximize the marketability of the vessel. The Trustee also has communicated with several persons who expressed initial interest in the Midnight Carrier. However, none of those persons has showed continued interest in the vessel.

The Trustee recently communicated with a marketing agent, Marcon International, Inc. ("Marcon"), which specializes in ship brokerage services. Marcon expressed some concern to the Trustee about marketing the Midnight Carrier because the Final Judgment (Section IV(G)) requires that the vessel be acquired by a person with the intent and capability to compete effectively in the saturation diving business in the United States Gulf of Mexico, but the vessel is not outfitted with a saturation diving system. Nonetheless, on August 11, 2006, the Trustee received a proposal from Marcon to broker the sale of the Midnight Carrier. On August 17, 2006, Marcon informed the Trustee that it has a prospective acquirer of the vessel who is interested in inspecting the vessel soon.

As the Trustee explains in his Fourth Report, filed pursuant to Section V(G) of the Final Judgment, the Trustee has not been able thus far to find an acceptable purchaser within the six month period following the Court's appointment because of the Trustee's initial focus on the sale of the Defender and the attendant problems in closing that sale; his efforts to resolve the post-sale disputes between the purchaser of the Defender and Cal Dive; and his need to find an acquirer of the Midnight Carrier -- which does not have a saturation diving system -- that would use the

---

with the Defender.

vessel to compete for saturation diving services in the United States Gulf of Mexico. The Trustee believes he is making progress in selling the Midnight Carrier. He has arranged for an agreement with Marcon to market the vessel and has received an inquiry from a party through Marcon to inspect the vessel. The Trustee therefore recommends that the Court extend his term for an additional 90 days.

The United States believes that the Trustee should continue in his position. The Trustee's work in effectuating the sale of the Defender and his progress towards selling the Midnight Carrier make the Trustee the most appropriate person to accomplish the divestiture of the Midnight Carrier.

Section V(G) of the Final Judgment gives the Court authority to extend the term of the Trustee's appointment and to make such other orders as appropriate. The United States submits that it would be appropriate to extend the term of the Trustee for 90 days, subject to further order of the Court.

The United States has notified the defendants of this motion. Pursuant to Section V(G) of the Final Judgment, the United States makes this motion in its sole discretion.

                                      Respectfully submitted,

                                      Jennifer L. Cihon (OH Bar # 0068404)
                                      Department of Justice, Antitrust Division
                                      325 Seventh Street, N.W., Suite 500
                                      Washington, DC  20530
                                      (202) 307-3278

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2006, I caused a copy of the foregoing United States' Memorandum in Support of the Motion to Extend the Term of the Trustee's Appointment to be served by electronic mail to counsel for defendants listed below:

Counsel for Defendant Cal Dive International, Inc.
Daniel L. Wellington (D.C. Bar #273839)
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-4574
Fax: (202) 662-4643

Counsel for Defendants Stolt Offshore S.A., Stolt Offshore, Inc.
and S&H Diving LLC
Paul C. Cuomo (D.C. Bar #457793)
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610

Jennifer L. Cihon (OH Bar #0068404)
United States Department of Justice
Antitrust Division
325 Seventh Street, N.W.
Suite 500
Washington, DC 20530
(202) 307-3278
(202) 616-2441 (Fax)