IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 1:05CV02041 |
|     Plaintiff | * | |
| | * | JUDGE: Emmet G. Sullivan |
| v. | * | |
| | * | DECK TYPE: Antitrust |
| CAL DIVE INTERNATIONAL, INC., | * | |
| STOLT OFFSHORE S.A., | * | FILED: November 15, 2006 |
| STOLT OFFSHORE, INC., and | * | |
| S&H DIVING, LLC, | * | |
|     Defendants | * | |

* * * * * * * * * * * * * *

**TRUSTEE'S FIFTH REPORT PURSUANT TO
FINAL JUDGMENT AND REPORT AND RECOMMENDATIONS PURSUANT
TO SUBSECTION G. OF ARTICLE V. OF FINAL JUDGMENT**

    NOW COMES Louis M. Phillips ("*Trustee*"), appointed pursuant to the Final Judgment entered January 12, 2006 (the "*Judgment*" or "*Final Judgment*"), which appointment was extended by Order of this Court entered on October 11, 2006 (the "*October Order*"), who submits the following report, as of November 14, 2006, pursuant to subsection F. of Article V of the Judgment ("*November Report*"), and also pursuant to subsection G. of Article V. of the Judgment.

1.

    Trustee was appointed pursuant to an Order of this Honorable Court entered on the docket of this proceeding as docket entry 15, on February 17, 2006. This November Report, submitted pursuant to subsection F. of Article V of the Judgment is submitted as the report covering the period of time between October 11, 2006 and November 14, 2006, unless earlier communications are referenced for completeness. Further, this report includes the information required by subsection G. of Article V. of the Final Judgment.

2.

    As of the appointment of the Trustee, there were two remaining Saturation Diving Assets as defined in the Final Judgment subject to divestiture: the M/V Seaway Defender and the M/V Midnight Carrier. As of this November Report, the Seaway Defender has been sold, and the Trustee believes that issues surviving the sale referenced in prior reports have been resolved (pending entry of the October Order the Trustee, though awaiting a decision upon the request of the United States to extend the trusteeship, acted as best he could to facilitate a consensual resolution of issues concerning dive helmets, which, due to the Trustee having received no information to the contrary, the Trustee believes has occurred). The balance of this November Report will deal with the vessel

Midnight Carrier.

3.

As mentioned in prior reports, the M/V Midnight Carrier has not been operated by Cal Dive since the appointment of Trustee. This vessel is not outfitted as a SAT diving support vessel. Prior to the purchase of the Midnight Carrier by Cal Dive it had been modified for use as a SAT diving support vessel, but the vessel now does not include a SAT system, etc. Since the appointment of Trustee, Trustee has communicated with Cal Dive concerning the Midnight Carrier, and has determined (i) that according to Cal Dive the vessel was in need of extensive clean up, which has been performed, (ii) that Cal Dive had no survey of the vessel, but was possessed of only a specifications sheet, (iii) that Cal Dive's internal inspection of the vessel revealed no mechanical problems that would preclude operation of the vessel, and (iv) that Cal Dive has secured no acceptable bids for the vessel.

4.

Prior to October 11, 2006, the Trustee communicated with representatives of Superior Offshore, L.L.C. about the vessel, and as well with Mr. Jack Bourgault of J.W. Bourgault and Associates, to whom he made an offer to provide information concerning the vessel. The Trustee received no expressions of interest in the vessel or in receiving additional information concerning the vessel from these two sources. On or about June 28, 2006, the Trustee communicated with a representative of Cross Services, Inc., which Trustee believes to be an affiliate of the Cross Group, Inc., 1950 South Van Ave., Houma, LA 70363 (collectively "*Cross*"), concerning an expression of interest in the Midnight Carrier. Though the Trustee, on June 28, 2006, transmitted written information concerning the vessel and the Final Judgment, Trustee has received no further communication from Cross. In conversations with the Cross representative, the Trustee was advised that Cross was interested in the vessel for use within its offshore construction business operations. The Trustee has concluded that upon analysis of the requirements set forth within subsection G. of Article IV. of the Final Judgment, Cross determined that it was not interested in pursuing the possibility of purchasing the vessel.

5.

Trustee has communicated with both the United States and Cal Dive regarding Trustee retaining a marketing agent for the Midnight Carrier. Neither the United States nor Cal Dive expressed disagreement with Trustee contacting Marcon International, Inc. ("*Marcon*"), for the purpose of exploring retention of Marcon by Trustee as marketing agent for the Midnight Carrier. The Trustee has engaged in extensive discussions with Mr. Jeff Hugret, a Marcon representative, who has expressed concern regarding the limited market for the Midnight Carrier (given that it is not presently outfitted as a SAT diving support vessel), and has had to answer numerous questions concerning the scope of the Final Judgment and the constraints imposed by the Final Judgment upon a marketing agent. Trustee has also explored the possibility of packaging the Midnight

Carrier with a SAT system from another source to make the vessel more marketable, though Trustee has not made sufficient progress to be able to provide details of such a prospect to the Court, Cal Dive or the United States. In fact, it appears that packaging the vessel with a SAT system from another entity is not going to come to fruition. Notwithstanding concerns about the limited market for the vessel, Trustee, on August 11, 2006, received a proposal from Marcon setting forth an exclusive listing/brokerage agreement. On August 14, 2006, Trustee transmitted the proposed agreement to the United States through the Department of Justice.

6.

Between the expiration of the Trustee's initial term (August 17, 2006) and the October Order, the Trustee communicated with entities regarding the prospect of sale of the Midnight Carrier. Given the possible absence of standing, the Trustee determined to wait for the October Order before engaging in further negotiations. Subsequent to entry of the October Order, the Trustee has engaged in communications concerning sale of the Midnight Carrier. The parties with whom the Trustee has had contact regarding the M/V Midnight Carrier after the October Order, and the nature of the contracts are set forth as follows:

a.      Indepth Offshore Technologies International, 18836 Ferncrost Ct., Baton Rouge, LA 70809. The representative with whom the Trustee has communicated is Hesham El Avirkagy. The trustee has communicated with Mr. Avirkagy, who has requested digital photographs of the vessel as a first step before setting up a personal inspection. The Trustee has communicated this request to the office of the general counsel of Cal Dive, and also to Mr. Stephen Bellingham, related to the Trustee to be the contact representative charged with the responsibility of setting up inspections of the vessel. The Trustee is awaiting the photographs so that he can transmit them to Indepth Technologies.

b.      Maritime Capital Solutions, 5177 Richmond Avenue, Suite 1142, Houston, TX 77056. The representative with whom the Trustee has communicated is Mr. David Weinhoffer. The Trustee has provided Mr. Weinhoffer with Mr. Bellingham's contact information and Mr. Weinhoffer has advised that he is setting up an inspection of the vessel.

c.      Triton Diving Services, 101 Herman Dr., Belle chase, LA 70037. The person with whom the trustee has attempted to communicate, by leaving voice messages is Mr. Chuck Stahl. Mr. Stahl has contacted persons at Cal Dive concerning the vessel and the Trustee has attempted to make contact, to no avail as of the submission of this November Report.

d.      Sea Crusader LLC, 26 N. Meadowmist Circle, The Woodlands, Texas 77381. The person with whom the trustee has communicated is Mr. Freddie Fredricksen, President. He has advised that he represents three potential purchasers:

> The Cross Group
> Houma, Louisiana
>
> Tetra Technologies
> The Woodlands, Texas
>
> Con-Dive
> Houston, Texas

Information has been sent to provide access to the vessel for inspection, which the Trustee is advised might occur as early as this week.

e.      Marcon International, Inc., P.O. Box 1170, 9 NW Front Street, Coupeville, WA 98239. The person with whom the trustee has communicated is Mr. Jeff Hugret. The Trustee has communicated a request that Marcon consider a non-exclusive listing agreement, given the other communications that the Trustee has received.

13.

Trustee has maintained all written and e-mail communications concerning efforts to sell the Saturation Diving Assets.

13.

Prior to submission of this report, Trustee has provided it to the United States and Cal Dive for review.

Baton Rouge, Louisiana, this 14th day of November, 2006.

_____
Louis M. Phillips, Trustee