THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>  v.<br><br>CAL DIVE INTERNATIONAL, INC.,<br>STOLT OFFSHORE S.A.,<br>STOLT OFFSHORE, INC., and<br>S&H DIVING, LLC,<br><br>    *Defendants.* | Case No. 1:05CV02041<br>Judge: Emmet G. Sullivan<br>Deck Type: Antitrust<br>Filed: January 10, 2007 |

## MOTION TO EXTEND THE TERM OF THE TRUSTEE'S APPOINTMENT

Plaintiff United States of America hereby moves this Court for entry of an order extending the Trusteeship of Judge Louis M. Phillips for an additional 60 days. In support of this motion, the United States states as follows:

1. On February 17, 2006, this Court appointed Judge Louis M. Phillips as Trustee to effect the divestiture of the Saturation Diving Assets, the Seaway Defender and the Midnight Carrier, in accordance with the terms of the Final Judgment entered in this matter.

2. The Trustee focused his efforts initially on the sale of the Seaway Defender as he believed that vessel could most immediately be placed into competitive service as a saturation diving support vessel. The Seaway Defender is a dynamically positioned vessel with a built-in saturation diving system, while the Midnight Carrier is an anchor-and-chain mooring vessel capable of accommodating a portable saturation diving system.

3. The Seaway Defender became subject to an Agreement of Purchase and Sale ("Purchase Agreement") dated March 17, 2006. The parties thereto signed an Amendment to the Purchase Agreement dated April 20, 2006.

4. Between May and July, 2006, the Trustee worked with Cal Dive and the acquirer of the Seaway Defender to negotiate the closing and issues surrounding the sale of the vessel. The Trustee also communicated with several persons about purchasing the Midnight Carrier, but none of those discussions resulted in an executed purchase agreement.

5. On August 18, 2006, the Trustee filed his report pursuant to Section V(G) of the Final Judgment setting forth his efforts to accomplish the required divestiture of the Seaway Defender and the Midnight Carrier, his reasons why the required divestiture of the Midnight Carrier had not been accomplished, and his recommendation to receive an additional 90 days to accomplish the terms of the trust.

6. On August 28, 2006, the United States filed its Motion to Extend the Term of the Trustee's Appointment and United States' Memorandum in Support of the Motion to Extend the Term of the Trustee's Appointment in which the United States sought to extend the Trustee's appointment for an additional 90 days.

7. The Court granted the United States' motion on October 11, 2006.

8. On November 15, 2006, the Trustee filed his Fifth Report Pursuant to Final Judgment and Recommendations Pursuant to Subsection G. of Article V. of Final Judgment ("Fifth Report") setting forth his efforts to divest the Midnight Carrier since the filing of his Fourth Report.

9. In his Fifth Report, the Trustee described his communications with six companies representing seven different parties interested in the Midnight Carrier. The Trustee also described his efforts to retain a marketing agent to assist in marketing the Midnight Carrier to additional prospective purchasers.

10. On January 9, 2007, the Trustee filed his Sixth Report Pursuant to Final Judgment and Report and Recommendations Pursuant to Subsection G. of Article V. of Final Judgment ("Sixth Report") setting forth his efforts to divest the Midnight Carrier since the filing of his Fifth Report.

11. In his Sixth Report, the Trustee describes his continued communications with the parties listed in his Fifth Report, as well as communications with one additional party. The Trustee states that he has received written offers to purchase the Midnight Carrier from three of those parties. The Trustee then executed a purchase and sale agreement with one of those parties, Offshore Holding, Inc. on January 8, 2007, and on January 9, 2007 received a representation/notice that the Earnest Money required by the purchase and sale agreement had been wired in accordance therewith. The Closing Deadline set forth within the purchase and sale agreement is fourteen (14) days after execution of the purchase and sale agreement, or January 22, 2007.

12. The United States requests that the Trustee's term be extended for 60 days, subject to further order of the Court, so that the Trustee may continue his discussions with the parties that have submitted written purchase offers and execute a purchase and sale agreement for the Midnight Carrier.

Respectfully submitted,

*/s/ Jennifer L. Cihon* by [signature]

Jennifer L. Cihon (OH Bar # 0068404)
United States Department of Justice
Antitrust Division
325 Seventh Street, NW, Suite 500
Washington, DC 20530
(202) 307-3278
(202) 616-2441 (Fax)

Dated: January 10, 2007

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff,*<br><br>  v.<br><br>CAL DIVE INTERNATIONAL, INC.,<br>STOLT OFFSHORE S.A.,<br>STOLT OFFSHORE, INC., and<br>S&H DIVING, LLC,<br><br>   *Defendants.* | Case No. 1:05CV02041<br>Judge: Emmet G. Sullivan<br>Deck Type: Antitrust<br>Filed: January 10, 2007 |

## ORDER

WHEREAS, pursuant to Section V(G) of the Final Judgment, plaintiff United States filed a motion with this Court on January 10, 2007, for the extension of the term of the appointment of Judge Louis M. Phillips as Trustee under Section V of the Final Judgment herein;

IT IS HEREBY ORDERED THAT:

The term of Judge Louis M. Phillips' appointment as Trustee under Section V of the Final Judgment is extended by an additional 60 days.

              Emmet G. Sullivan
              District Court Judge
              United States District Court

Dated: January 10, 2007