IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>  v.<br><br>CAL DIVE INTERNATIONAL, INC.,<br>STOLT OFFSHORE S.A.,<br>STOLT OFFSHORE, INC., and<br>S&H DIVING, LLC,<br><br>    *Defendants.* | Case No. 1:05CV02041<br>Judge: Emmet G. Sullivan<br>Deck Type: Antitrust<br>Filed: January 10, 2007 |

**UNITED STATES' MEMORANDUM IN SUPPORT OF THE MOTION TO EXTEND THE TERM OF THE TRUSTEE'S APPOINTMENT**

  This memorandum is submitted in support of the Motion of the United States to Extend the Term of the Trustee's Appointment. The United States requests that the Court extend the term of the Trustee for an additional 60 days. The Court granted an earlier motion on October 11, 2006 (docket # 22) to extend the term of the Trustee for 90 days. Section V of the Final Judgment in this case specifically provides that the Court has authority to take such action.

  On February 17, 2006, this Court appointed Louis M. Phillips as Trustee to effectuate the divestiture of the Seaway Defender ("Defender"), a dynamically positioned vessel with a built-in saturation diving system, and the Midnight Carrier, an anchor-and-chain mooring vessel capable of accommodating a portable saturation diving system.[1]

---

[1] The Final Judgment requires divestiture of three assets: the Seaway Defender, the Midnight Carrier and the Torch Saturation Diving System. Cal Dive International, Inc. was able

As stated by the Trustee in his Fourth Report Pursuant to Final Judgment and Report and Recommendations Pursuant to Subsection G. of Article V. of Final Judgment ("Trustee's Fourth Report") (attachment #1 to docket #19) the Trustee elected to focus initially on divesting the Defender, which he believed could most immediately be placed into competitive service in the United States Gulf of Mexico as a saturation diving support vessel. The Trustee effectuated a purchase agreement for the Defender on March 17, 2006, and an amendment thereto on April 20, 2006. Closing notification was provided on May 26. Thereafter, the Trustee engaged in numerous discussions with the acquirer of the Defender and Cal Dive International, Inc. ("Cal Dive")[2] about issues surrounding the sale of the Defender, including discussions concerning whether certain equipment was included in the sale of the vessel. The Trustee's Fourth Report indicates that these issues were resolved on approximately July 10, 2006.

After these issues were resolved, the Trustee focused on marketing the Midnight Carrier to appropriate acquirers. The Trustee communicated with Cal Dive concerning the steps Cal Dive needed to take to maximize the marketability of the vessel and discussed marketing the vessel to prospective acquirers with a company specializing in ship brokerage services. The Trustee also communicated with several persons who expressed initial interest in purchasing the vessel. However, because the Trustee was required under the Final Judgment to sell the Midnight Carrier -- which does not have a saturation diving system -- to a company that would use the vessel to compete for saturation diving services in the United States Gulf of Mexico, the

---

to find a suitable acquirer for the Torch Saturation Diving System, a portable saturation diving system, prior to appointment of the Trustee.

[2]Cal Dive has changed its name to Helix Energy Solutions Group, Inc.

2

Trustee experienced some difficulty finding an acceptable acquirer before his first term expired on August 17, 2006. Therefore, on August 28, 2006, the United States moved this Court to extent the Trustee's term to effectuate the divestiture of the Midnight Carrier.

On October 11, 2006, the Court approved the United States' motion to extend the term of the Trustee for an additional 90 days. Since that time, the Trustee has made considerable progress finding an acceptable purchaser of the Midnight Carrier and may in fact be close to concluding and agreement.

In the Trustee's Fifth Report Pursuant to Final Judgment and Report and Recommendations Pursuant to Subsection G. of Article V. of the Final Judgment ("Fifth Report") (attachment #1 to docket #23), filed November 15, 2006, he described his communications with six companies representing seven different parties interested in the Midnight Carrier. The Trustee also described his additional discussions with the company specializing in ship brokerage services to assist in marketing the Midnight Carrier to prospective purchasers. In the Trustee's Sixth Report Pursuant to Final Judgment and Report and Recommendations Pursuant to Subsection G. of Article V. of the Final Judgment, filed January 9, 2007, the Trustee reports continued communication with the parties identified in his Fifth Report, as well as with one additional party. Those discussions have led to three written purchase offers for the Midnight Carrier. The Trustee executed a purchase and sale agreement with Offshore Holding, Inc. on January 8, 2007, and on January 9, 2007 received a representation/notice that the Earnest Money required by the purchase and sale agreement had been wired in accordance therewith. The Closing Deadline set forth within the purchase and sale agreement is fourteen (14) days after execution of the purchase and sale agreement, or January

3

or January 22, 2007.

The United States believes that the Trustee should continue in his position. The Trustee's work in effectuating the sale of the Defender and his progress towards selling the Midnight Carrier make the Trustee the most appropriate person to accomplish the divestiture of the Midnight Carrier, and it appears likely that the Trustee will be able to divest the Midnight Carrier to an appropriate purchaser relatively soon, should he be permitted to continue in his position.

Section V(G) of the Final Judgment gives the Court authority to extend the term of the Trustee's appointment and to make such other orders as appropriate. The United States submits that it would be appropriate to extend the term of the Trustee for an additional 60 days, subject to further order of the Court.

The United States has notified the defendants of this motion. Pursuant to Section V(G) of the Final Judgment, the United States makes this motion in its sole discretion.

Respectfully submitted,

_____
Jennifer L. Cihon (OH Bar # 0068404)
Department of Justice, Antitrust Division
325 Seventh Street, N.W., Suite 500
Washington, DC 20530
(202) 307-3278

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, I caused a copy of the foregoing United States' Memorandum in Support of the Motion to Extend the Term of the Trustee's Appointment to be served by electronic mail to counsel for defendants listed below:

Counsel for Defendant Cal Dive International, Inc.
Daniel L. Wellington  (D.C. Bar #273839)
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-4574
Fax: (202) 662-4643

Counsel for Defendants Stolt Offshore S.A., Stolt Offshore, Inc.
and S&H Diving LLC
Paul C. Cuomo (D.C. Bar #457793)
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, D.C.  20004-2402
Tel: (202) 783-0800
Fax: (202) 383-6610

_____
Jennifer L. Cihon (OH Bar #0068404)
United States Department of Justice
Antitrust Division
325 Seventh Street, N.W.
Suite 500
Washington, DC  20530
(202) 307-3278
(202) 616-2441 (Fax)