IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 1:05CV02041 |
|     Plaintiff | * | |
| | * | JUDGE: Emmet G. Sullivan |
| v. | * | |
| | * | DECK TYPE: Antitrust |
| CAL DIVE INTERNATIONAL, INC., | * | |
| STOLT OFFSHORE S.A., | * | FILED: July 10, 2007 |
| STOLT OFFSHORE, INC., and | * | |
| S&H DIVING, LLC, | * | |
|     Defendants | * | |
| * * * * * * * * * * * * * | | |

## TRUSTEE'S FINAL REPORT PURSUANT TO FINAL JUDGMENT

NOW COMES Louis M. Phillips ("*Trustee*"), appointed pursuant to the Final Judgment entered January 12, 2006 (the "*Judgment*" or "*Final Judgment*"), which appointment was extended by Order of this Court entered on October 11, 2006, and further extended by Order of this Court entered on January 25, 2007, who submits the following final report concerning the sale of the Saturation Diving Assets as defined within the Final Judgment ("*Final Report*").

1.

Trustee was appointed pursuant to an Order of this Honorable Court entered on the docket of this proceeding as docket entry 15, on February 17, 2006. The appointment was extended by Order of this Court entered on October 11, 2006, as docket entry 22, and further extended by Order of this Court entered on January 25, 2007, as docket entry 26. This Final Report is submitted to provide the final accounting to the Court and parties to the Final Judgment and to advise the Court of the divestiture of the Saturation Diving Assets as required by the Final Judgment.

2.

As of the appointment of the Trustee, there were two remaining Saturation Diving Assets as defined in the Final Judgment subject to divestiture: the M/V Seaway Defender and the M/V Midnight Carrier.

### M/V SEAWAY DEFENDER

3.

As reported in prior reports the M/V Seaway Defender was made subject to an

1

Agreement of Purchase and Sale, dated March 17, 2006. In connection therewith, Trustee received an earnest money payment of $100,000 ("***Earnest Money***"), which the Trustee held in trust pursuant to the terms of the purchase agreement. Because of the lack of dry dock availability and other issues that arose after execution of the Purchase Agreement, the parties executed an Amendment to Agreement to Purchase and Sale, dated April 20, 2006 (collectively the agreement and amendment thereto are referred to as the "***Purchase Agreement***"). Pursuant to the notice requirements of the Final Judgment, the Trustee obtained written confirmation from the United States, through the Department of Justice, that the prospective Acquirer under the Purchase Agreement was an acceptable Acquirer under the Final Judgment, and obtained consent from the United States, through the Department of Justice, for Trustee to approve the assignment of the prospective Acquirer's rights under the Purchase Agreement to a proposed assignee. Written confirmation of the approval of the United States was provided to Cal Dive and counsel for the potential Acquirer and assignee, and on June 8, 2006, Trustee received written notification from the approved Acquirer that the sale had closed and that the sale proceeds could be disbursed. Sale proceeds, net of the agreed Trustee compensation, were disbursed to Cal Dive by means of wire transfer on June 8, 2006, in accordance with wiring instructions provided to Trustee by Cal Dive. Notification of the closing of the sale and of the disbursement of sales proceeds was given by Trustee to the United States through the Department of Justice on June 8, 2006. Subsequently, the remaining balance of funds representing interest earned upon the Earnest Money was refunded by Trustee to the Acquirer.

## M/V MIDNIGHT CARRIER

4.

The Trustee executed a purchase and sale agreement concerning the M/V Midnight Carrier with Offshore Holding, Inc. on January 8, 2007 ("***Carrier Purchase Agreement***") and on January 9, 2007 received a representation/notice that the Earnest Money required by the Carrier Purchase Agreement had been wired in accordance therewith. The Closing Deadline set forth within the purchase and sale agreement was January 26, 2007. Pursuant to the notice requirements of the Final Judgment, the Trustee obtained written confirmation from the United States, through the Department of Justice, that the prospective Acquirer under the Purchase Agreement was an acceptable Acquirer under the Final Judgment, and obtained consent from the United States, through the Department of Justice, for Trustee to approve the assignment of the prospective Acquirer's rights under the Carrier Purchase Agreement to a proposed assignee. Written confirmation of the approval of the United States was provided to Cal Dive and to the representative/agent for the potential Acquirer and assignee. On January 26, 2007, Trustee received confirmation of receipt of the sales proceeds, the authorization from Acquirer to disburse the sales proceeds, and authorization from Cal Dive to release and transmit the sales documents.

5.

On January 26, 2007, Trustee transmitted the originally executed sale documents to the Acquirer and remitted to Cal Dive by wire transfer as directed the sales proceeds net of a requested amount attributable to a requested modified Trustee compensation. On February 2, 2007, Trustee received from Cal Dive an agreeable proposal regarding modified Trustee compensation. This proposal was transmitted to the United States, through the Department of Justice, and the United States, through the Department of Justice advised that it had no objection to the agreed upon compensation. On February 6, 2007 the balance of the purchase price over and above the agreed upon Trustee compensation was remitted to Cal Dive by wire transfer as directed.

6.

Subsequently Trustee engaged in a number of communications whereby additional executed documents were transmitted to Acquirer by Trustee upon receipt thereof by Trustee from Cal Dive, and facilitated as well the clearing up of the final prorating of tonnage taxes associated with the M/V Midnight Carrier as agreed upon between Cal Dive and Acquirer, which was accomplished by the end of February, 2007.

7.

Trustee has maintained all written and e-mail communications concerning efforts to sell the Saturation Diving Assets.

8.

Trustee submits that the duties imposed upon Trustee by and pursuant to the Final Judgment have been performed, that the divestiture of the Saturation diving Assets has been accomplished, that the agreed upon Trustee compensation has been fully paid, that the purchase price for the Saturation Diving Assets net of Trustee compensation has been paid to Cal Dive, and that it is appropriate that this Honorable Court discharge Trustee from the duties imposed by the Final Judgment.

9.

Prior to submission of this report, Trustee has provided it to the United States and Cal Dive for review.

Baton Rouge, Louisiana, this 10th day of July, 2007.

_____
Louis M. Phillips, Trustee