IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               *Petitioner,*<br><br>   v.<br><br>CAL DIVE INTERNATIONAL, INC., *and*<br>HELIX ENERGY SOLUTIONS GROUP, INC.,<br><br>               *Respondents.* | Supplemental Action to<br>Case No. 1:05CV02041<br>Judge: Emmet G. Sullivan<br>Deck Type: Antitrust<br>Filed: November 26, 2007 |

**SETTLEMENT AGREEMENT AND ORDER**

WHEREAS Petitioner United States of America, having filed its Petition for an Order to Show Cause Why Respondents Cal Dive International, Inc. and Helix Energy Solutions Group, Inc. Should Not Be Found in Civil Contempt ("Petition to Show Cause") on November 26, 2007, and Respondents Cal Dive International, Inc. and Helix Energy Solutions Group, Inc., as defined in Paragraphs 2 and 3 of the Petition to Show Cause, having consented to the entry of this Settlement Agreement and Order without trial or adjudication of any issue of fact or law herein, and without this Settlement Agreement and Order constituting any evidence against, or admission by, or adjudication of wrongdoing on the part of Respondents with respect to any allegation contained in the Petition to Show Cause;

NOW, THEREFORE, before the taking of any testimony and without trial or adjudication of any issue of fact or law herein, and upon the consent of the parties hereto, it is hereby

ORDERED, ADJUDGED, and DECREED as follows:

## I. JURISDICTION

This Court has jurisdiction over the subject matter of this action and of each of the parties consenting hereto under its inherent power to enforce compliance with its orders and under Section XIII of the Final Judgment entered by this Court on January 11, 2006, in <u>United States v. Cal Dive International, Inc., et al.</u>, Civil Action No. 1:05CV02041 (D.D.C. 2005) ("Final Judgment"). The Petition to Show Cause alleges facts that, if proven at a trial, would state a claim upon which relief could be granted against the Respondents under the Court's inherent power to enforce compliance with its orders and under Section XIII of the Final Judgment.

## II. APPLICABILITY AND EFFECT

A.  The provisions of this Settlement Agreement and Order shall be binding upon each of the Respondents, their successors and assigns, and those persons in active concert or participation with either of the Respondents who receive actual notice of this Settlement Agreement and Order.

B.  This Settlement Agreement and Order constitutes a full and complete disposition of Respondents' alleged violations of Sections IV.A., IV.E., IV.F. and VIII of the Final Judgment and Sections IV.B., V.A. and V.B. of the Hold Separate Stipulation and Order ("Hold Separate Order") as described in the Petition to Show Cause.

C.  No further action, petition, enforcement proceeding, motion or other form of requested relief will be taken by the United States against Respondents with respect to the alleged violations of the Final Judgment and Hold Separate Order, as described in the Petition to Show Cause, and this settlement will constitute a full and complete release, disposition and bar to any proceedings relating thereto.

D.  Nothing in this Settlement Agreement and Order shall bar the United States from seeking, or the Court from imposing on the Respondents, any other relief available under any applicable provision of the Final Judgment, Hold Separate Order, or this Settlement Agreement and Order other than the violations set forth in the Petition to Show Cause.

### III. CIVIL PAYMENT

A.  Within thirty (30) days of entry of this Settlement Agreement and Order, Respondents shall pay two million dollars ($2,000,000) to the United States, which includes disgorgement of profits from the alleged violations and reimbursement to the United States for its attorneys fees and costs incurred during its investigation of the violations alleged in the Petition to Show Cause. Respondents are jointly and severally liable for the payment.

B.  The payment specified in Paragraph III.A. shall be made by wire transfer or cashier's check. If the payment is to be made by wire transfer, Respondents first must contact the Antitrust Division's Antitrust Documents Group at (202) 514-2481 for instructions two weeks prior to the date of transfer. If payment is to be made by cashier's check, Respondents shall make the check payable to the United States Department of Justice and deliver it to:

> Antitrust Documents Group
> Antitrust Division
> United States Department of Justice
> 325 7th St. NW Suite 215N
> Washington, D.C. 20530

C.  In the event of a default in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of default to the date of payment.

D.  Respondents shall not claim this payment, in whole or in part, as a deductible expense by them, their subsidiaries, divisions or affiliates for tax purposes under any state tax code, the United States Tax Code, or the tax code of any other country.

## IV. RETENTION OF JURISDICTION

Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Settlement Agreement and Order to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Settlement Agreement and Order, for the enforcement of compliance herewith, and for the punishment of any violations hereof.

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

Dated: _____